## SAMUELS v. REVIER et al.

### (Circuit Court of Appeals, Fifth Circuit. February 7, 1899.)

#### No. 697.

1. ATTACHMENT—LEVY OF WRIT—TEXAS PROCEDURE.

Under the procedure in Texas it is not necessary for the sheriff in attachment cases to require an agent of the attachment defendant, where the latter is a nonresident, to point out property to be levied on, nor to levy first on personal property.

2. EXECUTION SALE—GROUNDS FOR SETTING ASIDE IN EQUITY—INADEQUACY OF PRICE.

Inadequacy of price alone will not authorize a court of equity to set aside a sale of land on execution, where such inadequacy was caused by the action of the execution defendant or his agent in deterring persons from bidding by making unwarranted statements at the sale as to the invalidity of the judgment.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

This is an appeal by the defendant below from a decree rendered by the United States circuit court for the Northern district of Texas in an equity cause. The suit was brought on May 8, 1896, by W. J. Revier, Jr., and J. M. Revier against S. L. Samuels, to cancel a certain sheriff's deed which conveyed to Samuels 200 acres of land in Hill county, Tex., and also to enjoin Samuels from the further prosecution of an action of trespass to try title,—which is a statutory action of ejectment in Texas,—which had been brought by Samuels against W. J. Revier, Jr., in the same court, for the recovery of the tract of land just mentioned. The bill of complaint avers that the action at law was commenced on December 6, 1893. The ground on which the complainants rely in their bill for the relief they seek is the inadequacy of the price paid for said land at a sheriff's sale of the same,—the land having been bought in by Samuels, who was the attaching creditor under whose attachment the same had been seized, and under whose execution it had been sold. The bill alleges that Samuels sued the complainant J. M. Revier to recover a debt of $70, which the bill substantially admits was due Samuels, in a justice of the peace court in McLennan county, Tex., on January 9, 1892, and that in that action Samuels caused a writ of attachment to be issued upon the ground that J. M. Revier was a nonresident of the state, and that the writ of attachment was levied upon the land above mentioned, which was subsequently sold under execution in the suit brought in the justice of the peace court on January 13, 1893; that the land was bid in by Samuels, the attaching creditor; and that after the levy of the attachment, but before the judgment and sale, J. M. Revier conveyed the land to W. J. Revier, Jr., his co-complainant. The complainants claim that there was an irregularity in the sheriff's sale, in this: that at the time the attachment issued J. M. Revier was the owner of sufficient personal property in Hill county to satisfy Samuels' debt, and that W. J. Revier, Jr., was the agent of J. M. Revier, and that the sheriff did not require this agent to point out property on which the attachment could be levied, nor did the sheriff levy first on personal property, as is required by the statutes of Texas with reference to execution; and that this irregularity, coupled with the inadequacy of the price bid at the judicial sale, to wit, $85, was sufficient cause to set aside the sheriff's deed. The complainants averred that at the time the land was sold and bought in by Samuels, it was, and still is, worth the sum of $5,000.

Samuels filed his answer, in which he alleged in defense, among other matters, that the inadequacy of the price was caused by the acts, conduct, and statements, at the execution sale, of the complainant W. J. Revier, Jr., the agent of J. M. Revier, in publicly stating, in the presence of the sheriff and bidders at the sale, that J. M. Revier was not indebted to Samuels, and that,

consequently, the judgment of the latter was invalid; that the land was the homestead of J. M. Revier, and therefore, under the laws of Texas, was not subject to attachment, and that the man who bought the land would buy a lawsuit,—all of which deterred bidders, of whom several were present, from bidding a fair price, and prevented the land from bringing its full value at the sale; and that he (Samuels) did not bid more because he knew nothing about the land, and did not know whether the statement as to its being a homestead was true or not. Samuels further denied in his answer that he had any knowledge at the time of the issuance of his attachment that J. M. Revier had any personal property in Hill county, or had an agent there, and he affirmed the validity of the title acquired by him under the sheriff's deed. Samuels also set up his judgment, and set forth the costs and expenses which he had been put to in connection with the levying of his attachment, the sale under the judgment, and the bringing of the action at law for the recovery of the land, and he prayed that complainants repay him those sums of money as a condition of the relief sought for by them in the event that the court should hold that the complainants were entitled to the relief they prayed for.

On the hearing the court entered a decree canceling the sheriff's deed, and enjoining the prosecution of the action at law, upon the condition that the complainants should, within a time stated, pay into court for the defendant, Samuels, the sum of $127.58, being the amount of his judgment, with interest and costs, and also the sum of $264 on account of expenses incurred by him in connection with the sale; and the complainants were condemned to pay the costs. From this decree, Samuels has appealed.

The assignment of errors assails the validity of the decree substantially on the following grounds: (1) Because the evidence shows that there was no such irregularity in the proceedings by which Samuels acquired the land as would justify the decree setting aside the sale for inadequacy of price; (2) because, if the land brought less than its value, the evidence shows that the inadequacy of price was caused by the acts and conduct of the complainants, and not by any alleged irregularity in the proceedings, or by any act of the defendant, Samuels; (3) because the evidence shows that the land was legally attached and condemned by judgment of the justice's court, and no fact was alleged or proven by the complainants showing that the judgment was invalid, and the judgment is conclusive of the regularity of the levy of the attachment.

It appears from the evidence that Samuels, being an attorney at law, was employed by J. M. Revier to defend him in certain criminal prosecutions for selling liquor in violation of the local option law, on the first of which Revier was found guilty by the jury. Samuels succeeded in having the indictment upon which the first prosecution was tried quashed, and Revier discharged from custody. Revier then paid Samuels $30 in cash, and made him his duebill for $70. The interest of Samuels' law partner in this duebill was subsequently transferred to Samuels. Thereafter, J. M. Revier seems to have disappeared. When the duebill fell due, Samuels wrote to J. M. Revier, addressing him at Hillsboro, Tex., where he had friends, requesting him to pay the duebill. The letter was never answered, nor was it returned to the writer, although his name was upon it. Subsequently, Samuels brought suit in the justice of the peace court above mentioned, and therein sued out a writ of attachment, which was sent to Hill county, and levied on lands of J. M. Revier which were there situated. Judgment having been rendered against J. M. Revier, the land was sold by the sheriff of Hill county on January 13, 1893, as already stated. Samuels went to Hill county, and was present at the sale. Before bids were called for, W. J. Revier, Jr., was sent for. He is the brother of J. M. Revier, and the person who, in the bill of complaint, avers, together with his co-complainant, J. M. Revier, that he was the agent of J. M. Revier. It appears that at the sale, and in the presence of the bystanders, W. J. Revier, Jr., stated that J. M. Revier owed nothing to Samuels, that the land was the homestead of J. M. Revier, and therefore could not be sold, and that whoever bought the land would buy a lawsuit. It was shown that J. M. Revier left the state of Texas in November, 1891, just after Samuels succeeded in quashing the indictment against him, as above stated, and

that since then he has been residing in the Indian Territory. W. J. Revier, Jr., claimed to have bought the land from his brother in September, 1892, agreeing to give him $4,000 for it,—$1,000 in cash, and the balance in three notes, payable in one, two, and three years. W. J. Revier, Jr., testified that, after his brother had left the state, he still had certain property, consisting of mules, oxen, and cattle, on the land in dispute.

W. M. Sleeper, for appellant.

John L. Dyer, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PARLANGE, District Judge (after stating the facts). The land brought far less than its value. But the inadequacy of the price cannot be attributed in any way to Samuels. It is directly traceable to W. J. Revier, Jr., the agent and brother of J. M. Revier, the present complainant, and clearly resulted from his conduct and statements at the sale. The public assertion by W. J. Revier, Jr., at the sale, that the debt for which the land was being sold was not due, and that the land was the homestead of J. M. Revier,—all of which was unfounded in fact,—could have had no other effect than that which was produced; that is, to deter bidders, and to cause the land to be sold for an inadequate price. We have examined the matter of the alleged irregularity of the proceedings under the attachment. In our opinion, it was not necessary, under the procedure of the state of Texas in cases of attachment, for the sheriff to require W. J. Revier, Jr., as the agent of his brother, to point out property upon which the attachment could be levied; nor was it necessary for the sheriff to levy first on personal property.

The question next occurs whether, when the proceedings leading to a judicial sale are regular, the sale will be set aside for mere inadequacy of price. Cases have been cited in behalf of the appellees in which, irregularity having been found in the proceedings, and the price being inadequate, judicial sales have been set aside. Cases may, perhaps, be found where the inadequacy of the price was so gross that the courts, in setting aside the sales, contented themselves with proof of very slight irregularity in the proceedings. But in all of the cases of this character we find that, as plain reason required, the irregularity or the fault involved was not chargeable to the defendant in execution. It would require no authorities to persuade a court to set aside a judicial sale for inadequacy of price, if the court became satisfied that the inadequacy of price was the result of the misdoings of the plaintiff in execution. We have been cited to no case in which a judicial sale has been set aside for inadequacy of price, caused, as in the case at bar, by the misdoings of the representative of the defendant in execution. The sale took place in January, 1893. Samuels filed his action of trespass to try title in December, 1893. That action is still pending. This equity cause was commenced in May, 1896. The laches of the appellees in allowing such a lapse of time before the bringing of this suit is an additional circumstance against them. We are of opinion that the appellees are not entitled to the relief they pray for in their bill of

complaint. The decree of the lower court is therefore reversed, and this cause is remanded to that court with the instruction to dismiss the bill with costs.