JOHN D. MULLANEY, Appellee, v. E. W. CUTTING, Appellant.

EXECUTION: Sale—Manner, Conduct and Validity—Sale Without
1   Redemption—Strict Compliance With Statute. A sale of real estate on execution, *without the right of redemption,* demands an exceptionally strict compliance with the statutes. Certain irregularities reviewed, and held, *when taken in their entirety,* to invalidate the sale.

EXECUTION: Sale—Manner, Conduct and Validity—Sale en Masse
2   Without Redemption—Inadequate Bid. The fact that an execution sale of real estate is made *en masse* and on a grossly inadequate bid, *no right of redemption existing,* furnishes a persuasive reason for exacting a more strict compliance with the statutes governing such sales than is necessary where the right to redeem exists. (Sec. 3970, Code, 1897.)

PRINCIPLE APPLIED: The right to redeem had been lost. A farm of 280 acres, worth $40,000 and encumbered, in its entirety, to the extent of $17,000, was sold *en masse* on execution, on one bid for the amount of the judgment, $1,056. No attempt was made to sell the land otherwise than *en masse,* nor did the defendant in execution propose any method of sale. The judgment defendant had other real estate worth $3,500 above encumbrance, and subject to execution.

EXECUTION:    Sale—Manner, Conduct and Validity—Inadequate
3   Bid—Duty of Sheriff to Protect the Debtor.   A sheriff selling
    real estate on execution, *no right to redeem existing,* and receiving
    a bid known to be grossly inadequate, owes the duty to the execu-
    tion defendant to adjourn the sale.   (Sec. 4029, Code, 1897.)

EXECUTION:    Sale—Manner, Conduct and Validity—Sale Without
4   Redemption—Essentials of Notice.   Notice of sale of real estate
    on execution must distinctly state that such sale will be made
    *without the right of redemption,* when such is the fact.   (Sec. 4023,
    4024, Code, 1897.)

EXECUTION:    Levy—Indorsement of Levy on Writ.   It is essential
5   to a valid levy under execution that the sheriff enter *the fact of
    levy* upon the writ *when such levy is made.*   The entry of such
    matters in the encumbrance book, or on the writ of execution at
    the time of making his final return after the sale, will not satisfy
    this requirement.   (Sec. 3965, Code, 1897.)

*Appeal from Winneshiek District Court.*—A. N. HOBSON,
Judge.

WEDNESDAY, NOVEMBER 24, 1915.

REHEARING DENIED FRIDAY, APRIL 7, 1916.

ACTION in equity to set aside a sheriff's sale of real estate
and the sheriff's deed executed pursuant thereto.   There was
a decree in the lower court for the plaintiff, and the defendant
appeals.—*Affirmed.*

*E. W. Cutting,* for appellant.

*Frank Sayre* and *William S. Hart,* for appellee.

EVANS, C. J.—The sale in question was had upon general
execution under a judgment against the plaintiff.   The amount
of the judgment, with interest and costs, was $1,056.   The
land sold was a farm of 280 acres, worth from

1. EXECUTION:
sale: manner,
conduct and
validity: sale
without re-
demption:
strict compli-
ance with stat-
ute.

$135 to $150 an acre, and encumbered by
mortgage to the extent of $16,000 or $17,000.
The property was sold for the amount of the
judgment, no other bid being received.   The
defendant was the attorney for the execution

plaintiff, but made his bid in his own behalf. Upon the accept-
ance of his bid by the sheriff, he demanded and received a
sheriff's deed, the property being not subject to redemption
because an appeal had been prosecuted to the Supreme Court
from the original judgment under which the execution was
issued. Immediately upon the discovery that a deed had actu-
ally been issued under the sale, the plaintiff herein tendered
to the defendant the full amount of his bid with interest and
costs. The tender being refused, this action was brought.

The facts are not greatly in dispute. The question is
whether the sale and the proceedings leading thereto were
attended with such irregularities as to entitle plaintiff to
equitable relief. The ground of the holding of the trial court
does not appear in the record. Needless to say that the result
of the sale was appalling. The plaintiff is at the disadvantage
herein of having received notice of the time and place of the
sale. What he evidently did not know was that the sale was
not subject to redemption. The irregularities contended for
are quite numerous. These are that the sale was irregular
in that the tract was sold *en masse;* that the bid was inade-
quate; that the levy, if any, was excessive; that there was,
in fact, no levy made before the sale; that, if there was a
levy, it was only upon 120 acres of the land.

Section 3970, Code, 1897, is as follows:

"The officer shall in all cases select such property, and
in such quantities, as will be likely to bring the exact amount
required to be raised, as nearly as practicable, and, having
made one levy, may at any time thereafter
make others, if he finds it necessary. But no
execution shall be a lien on personal property
before the actual levy thereof."

2. EXECUTION: sale: manner, conduct and validity: sale *en masse* without redemption: inadequate bid.

There was no attempt in this case to sell
the property in any other way than *en masse.*
Neither, on the other hand, was there any plan of division
presented by the defendant before the sale. The fact that
the property was all encumbered under one encumbrance is

an important consideration as bearing upon the propriety of a sale *en masse*. The same ought to be considered, also, as bearing upon the question of excessive levy. The execution defendant had other real property in the same county which was subject to execution. This consisted of a town property worth $4,000 and encumbered for $1,500. We have held heretofore that a sale *en masse* or a sale for an inadequate bid does not necessarily render the sale voidable. Our holding in that respect has been based in part upon the fact that the sales under consideration were subject to redemption.

In *Cooper v. Iowa Trust & Savings Bank,* 149 Iowa 336, 343, we said:

"The fact that the execution defendant has a large protection in his right of redemption for the period of one year from an execution sale of real estate usually furnishes the strong reason why such sale should not be set aside for a mere irregularity, which does not affect his substantial right."

The fact that the sale under consideration was *not* subject to redemption presents a reason why a more strict compliance with statutory provisions should be required than in cases where such right of redemption exists.

It must be said in this case that the levy was grossly excessive. In view of the encumbrance, however, it would have been difficult, if not impracticable, to make it otherwise, so far as this particular property was concerned. It was, however, within the power of the sheriff to protect the execution defendant against an unfair sale.

3. EXECUTION: sale: manner, conduct and validity: inadequate bid: duty of sheriff.

Section 4029, Code, 1897, is as follows:

"When there are no bidders, or when the amount offered is grossly inadequate, or when from any cause the sale is prevented from taking place on the day fixed, or the parties so agree, the officer may postpone the sale for not more than three days without being required to give any further notice thereof, which postponement shall be publicly announced at the time the sale was to have been made, but not more than

two such adjournments shall be made, except by agreement of the parties in writing and made a part of the return upon the execution."

In view of the fact that the sale was not subject to redemption, the amount of the bid was grossly inadequate. There were no other bidders present. The sheriff knew the land and believed it to be worth $150 an acre at the time of such sale. Under the circumstances here shown, the duty of postponement was clearly upon him. It should be said for the sheriff that he did not himself know that the sale was not subject to redemption. In this connection, attention should be directed to the notice of sale. This was given in what was called the "usual form." It is common knowledge that usually a proposed execution sale of real estate is subject to redemption. A sale not subject to redemption is somewhat exceptional. Because such proposed sale is subject to redemption, the attention and interest of general bidders are not attracted thereto. For the same reason, parties desiring to buy property do not usually attend a sheriff's sale of real estate. The usual bidder, uncontested, is the execution creditor, and the usual bid is the amount to be made on the execution. In such a case, if the bid be inadequate or the levy excessive or the proceedings irregular, the irregularity can be equitably cured by the redemption. Sections 4023 and 4024, Code, 1897, provide for notice of execution sales. They do not provide for the exact form of such notice. Clearly, it is contemplated that such notice should show such proposed "sale." Our statute in terms contemplates two kinds of execution sales. One is the "sale absolute," as defined in Sections 4043 and 4045, Code. The other is the sale "subject to redemption," as defined in Code Section 4044. We think it was the very essence of the notice of sale in this case that it should have shown that the proposed sale in this case was to be absolute and not subject to redemption; and, this is especially so because, as already indicated, the usual

4. EXECUTION: sale: manner, conduct and validity: sale without redemption: essentials of notice.

execution sale of real estate is subject to redemption. If such fact had appeared in the notice involved herein, it would undoubtedly have avoided the unconscionable result which followed. If the public had been advised by this notice that a farm worth $20,000 above its encumbrance was to be sold to the best bidder without redemption to satisfy a judgment of $1,056, it is inconceivable that other and larger bids would not have been received.

There is a further irregularity in relation to the levy. The fact of levy was not endorsed upon the execution by the sheriff until it was included in his final return after the sale.

5. EXECUTION: levy: indorsement of levy on writ.

The act of the sheriff which is claimed to have constituted the levy was an entry in the encumbrance book. Such entry, however, omitted entirely 160 acres of the land which was included in the sheriff's deed. Section 3965, Code, 1897, requires all acts of the sheriff to be entered upon the execution at the time that the act is done. In a legal sense, there was no levy on the real estate, and could be none until such fact was entered upon the execution. The result is that the sale was actually had before a legal levy was actually made.

There is something to be said in censure of the execution defendant, the plaintiff herein, for his own dilatoriness and negligence. The execution plaintiff and his attorney exercised much patience for many months awaiting the performance of their debtor's promise to pay. The execution was carried by the sheriff for months, in an endeavor to be lenient toward the debtor. It appears from the record that he is a slow debtor, harassed on many sides by waiting creditors. Ben Franklin had such a debtor once, of whom he said:

"It is against his principle to pay interest and against his interest to pay the principal and therefore he pays neither."

It may be, therefore, that, if the statute had been followed in letter and spirit, the plaintiff would be in no fair position to ask the aid of equity. But we think that the irregu-

larities noted, when taken in their entirety, furnish such a substantial departure from the letter and the spirit of the statute as to render the sale voidable.  We therefore agree with the conclusion of the trial court, and the decree entered below will accordingly be affirmed.—*Affirmed.*

DEEMER, WEAVER and PRESTON, JJ., concur.