LAWRENCE DRAKE et al., Appellees, v. S. E. BRICKNER et al.,
Appellants.

EXECUTION: Levy—Indorsement of Levy on Writ. Principle rec-
ognized that it is essential to a valid levy under execution that
the sheriff enter the *fact of levy* upon the writ when such levy
is made, and that the entry of such matters in the incumbrance
book will not satisfy this requirement.

EXECUTION: Levy—Excessive Levy. When a judgment defend-
ant owns an undivided interest in separate and distinct tracts
of land, it is the duty of a sheriff to levy only upon the interest
of the defendant in that tract which will, as nearly as prac-
ticable, realize the exact amount due under the judgment. Held
that, under an execution for some $320, a levy upon the defend-
ant's $6,000 undivided interest in a tract of land, instead of a
levy upon the defendant's $600 undivided interest in another
tract, was excessive.

EXECUTION: Sale—Manner, Conduct and Validity—Sales En
Masse. Principle recognized that a sale of tracts of land *en
masse* which could advantageously have been sold separately
may be set aside, either by motion or by proceeding in equity.

EXECUTION: Sale—Manner, Conduct and Validity—Adjournment
—Inadequate Bids. A sheriff, charged as he is with the duty to
be absolutely fair and impartial between the plaintiff and de-
fendant in execution, abuses the discretion lodged in him by
not adjourning a sale when the bids on the property are *grossly
inadequate.* So held where the property levied on, under an ex-
ecution for some $320, was worth $6,000, and the highest bid
was $800 by a stranger to the execution.

EXECUTION: Sale—Manner, Conduct and Validity—When Inade-
quate Bid Nullifies Sale. The rule that a sale of property on ex-
ecution for a grossly inadequate price does not *necessarily* work
a setting aside of the sale, does not apply when the sale is a
non-redeemable one, and the judgment defendant has property
subject to execution other than that levied upon, out of which,
had levy been made thereon, the amount due on the execution
might have been made without great disparity between bid and
the value of the property. So held where, under an execution

for some $320, property worth $6,000 was sold for $800, when another tract worth $600 was subject to execution.

**EXECUTION:** Sale—Manner, Conduct and Validity—Inadequate Price Combined with Unfairness—Effect. Inadequacy of price, plus circumstances indicating a purpose on the part of the successful bidder to unfairly take advantage of the judgment defendant's financial embarrassment, may be sufficient to stamp a sale as fraudulent.

**EXECUTION:** Sale—Manner, Conduct and Validity—Sale Without Redemption—Essentials of Notice. Principle recognized that notice of the sale of real estate on execution must distinctly state that such sale will be made *without the right of redemption*, when such is the fact.

**JUDGMENT:** Entry, Etc.—Correction. Principle recognized that, if the entry of a judgment upon the record book is incomplete, the court has authority to order a correction.

*Appeal from Winneshiek District Court.*—W. J. SPRINGER, Judge.

SATURDAY, JUNE 23, 1917.

REHEARING DENIED MONDAY, SEPTEMBER 24, 1917.

SUIT in equity to cancel and set aside a sheriff's sale and to enjoin the execution of a sheriff's deed. Decree as prayed. Defendant appeals.—*Affirmed.*

*E. W. Cutting,* for appellant.

*E. R. Acres,* for appellee.

STEVENS, J.—The undivided one-twenty-first interest of Lawrence Drake, plaintiff in this case, in a tract of 227.08 acres of land, was sold on general execution to satisfy a judgment for $319.75 entered against him for costs in a criminal prosecution. A sheriff's certificate of purchase was issued to S. E. Brickner, appellant, who bid the land in at the sale for $800. Shortly thereafter, this suit was commenced by Lawrence Drake to set aside and cancel

the sale and enjoin the sheriff from executing and deliv-
ering deed to the purchaser.  Some time after the trial of
this case, the plaintiff died, and his mother, administra-
trix of his estate, and his heirs at law were substituted as
plaintiffs and appellees herein.

It is claimed on behalf of appellee: (a) That no levy
was in fact made of the execution, for the reason that the
sheriff did not make the entries on the execution at the
time, as required by statute; (b) that the levy was exces-
sive; (c) that the price at which plaintiff's interest was
sold was grossly inadequate; (d) that the transaction was
fraudulent in law and fact; (e) that no judgment was ever
entered upon the record book of the clerk's office against
the defendant for costs, and that the purported judgment
upon which execution was issued is wholly void; and (f)
that the land should have been offered for sale in smaller
tracts instead of *en masse*, and that a much larger quan-
tity was sold than was necessary to satisfy the judgment.

The trial court found the interest of Lawrence Drake
in the real estate sold to be worth approximately $6,000,
and that the sale and levy were unlawful, unjust and in-
equitable, and not only a fraud in law, but that same op-
erated as a fraud in fact.

I.   Section 3965 of the Code, 1897, provides:

"The officer to whom an execution is issued shall in-
dorse thereon the day and hour when he received it, the
levy, sale or other act done by virtue thereof, with the date
thereof, the dates and amounts of any receipts or payment
in satisfaction thereof; which entries must be made at the
time of the receipt or act done."

In a legal sense, there can be no levy on real estate
until the fact thereof is entered upon the execution.  The
making of required entries upon the encumbrance book is
not sufficient.  *Mullaney v. Cutting*, 175 Iowa 547.

The clerk of the district court, who issued the execu-

tion, called as a witness on behalf of the plaintiff, testi-
fied, in substance, that he made the entries upon the en-
cumbrance book for the deputy sheriff to whom he deliv-
ered the execution, and that no entries then appeared upon
the execution; that it was not the custom to enter the fact
of the levy thereon until final return thereof. When re-
called as a witness, he was somewhat uncertain as to
whether a memorandum of the levy appeared upon the ex-
ecution at the time the entries were made upon the encum-
brance book.

The full return on the execution was offered in evi-
dence, from which it appears that the date and hour when
received by the sheriff were made a part thereof. The re-
turn, in language and form, has the appearance of being a
continuous, narrative statement of the proceedings under
execution, and of having probably been made after the sale.

The deputy sheriff to whom the execution was deliv-
ered, and who conducted the sale, was not called as a wit-
ness; hence, the only direct testimony bearing upon the
question is that of the clerk. It is by no means certain
that the entries, without which the levy was invalid, were
made upon the execution as required by Section 3965.

II.  The court below held the levy ex-
2. EXECUTION:    cessive. The statute prescribing the duty
levy: excessive
levy.            of the officer levying an execution is Section
3970 of the Code, 1897, and is as follows:

"The officer [with the execution] shall in all cases se-
lect such property, and in such quantities, as will be likely
to bring the exact amount   *   *   *   to be raised, as nearly
as practicable,   *   *   *   "

The execution in this case was levied upon the undi-
vided interest of Lawrence Drake in a tract containing
227.08 acres, which interest was of the fair value of $6,000.
The land in question was encumbered by the life estate of
the mother of the plaintiff and of the wife of appellant.

The sheriff did not offer the land for sale in separate sub-divisions or parcels, but only the interest of the judgment debtor in the whole tract was offered. The amount of the judgment appears to have been bid by the county attorney, but appellant offered $800, and the sheriff sold the land to him without further bidding.

It is the contention of appellant that the sheriff was bound to levy upon the undivided interest of the judgment debtor in the whole tract; that he could not sell his interest in a subdivision thereof, and that, even though the levy was excessive and the price obtained at the sale inadequate, the same could not be set aside on that ground alone. The claim here made is based upon our holding in *Jonas v. Weires*, 134 Iowa 47, as follows:

"The plaintiff had only an undivided interest in the tract of land involved, and this interest was subject to a life estate. It would have been impossible for the sheriff to levy upon and sell plaintiff's undivided interest in a portion of the tract, for plaintiff was not seised as a tenant in common of an undivided interest in each of the parcels, but only an undivided interest in the whole. A tenant in common may make a valid sale of an undivided fraction of his undivided interest, but he cannot sell his interest, or any portion thereof, in a part of the premises by metes and bounds, because this would interfere with his cotenants' right of partition, and for this reason an execution sale of the interest of a tenant in common in a portion of the premises subject to the common ownership cannot be made."

It is stated by appellant in his abstract that appellee was the owner of a like interest in another tract composed of several small subdivisions, but aggregating 117.5 acres. It is not quite clear from the evidence what was the fair market value of the smaller tract, but it must have been in the neighborhood of $12,000. If so, the interest of the judgment debtor was approximately worth $600, and should

have been sufficient to satisfy the judgment in question.

It has been held in other jurisdictions that, where the judgment debtor is the owner of an undivided interest in separate parcels or tracts not situated or used in common, his interest in any one or more parcels is subject to execution and may be levied upon and his interest in enough parcels sold to satisfy the execution, but that less than his whole interest in each parcel cannot be sold. Freeman on Cotenancy and Partition (2d Ed.), Section 216; *Butler v. Roys,* 25 Mich. 53; *Starr v. Leavitt,* 2 Conn. 243.

It appears to be the theory of appellant that the tracts above referred to were so situated that it was proper, under the holding in *Jonas v. Weires,* supra, to sell the interest of the judgment debtor in each separately. If so, it was the duty of the sheriff, if possible, to levy only upon such interest of the judgment debtor in property subject to levy as would be likely to bring the exact amount to be raised, as nearly as practicable.

3. EXECUTION: sale: manner, conduct and validity: sales en masse.

It is the settled doctrine of this court that a sale *en masse* of tracts of land which could advantageously have been sold separately may be set aside either by motion or proceeding in equity. *Boyd v. Ellis,* 11 Iowa 97; *White v. Watts,* 18 Iowa 74; *Bradford v. Limpus,* 13 Iowa 424; *Lay v. Gibbons,* 14 Iowa 377; *Copper v. Trust & Savings Bank,* 149 Iowa 336.

It has, however, been held that, if the land cannot be sold in separate tracts for want of bidders, it is then proper to sell it *en masse. Connecticut Mutual Life Ins. Co. v. Brown,* 81 Iowa 42. This right, however, is subject to the provisions of the statute hereinafter referred to. It did not appear, in the cases referred to, that the debtor possessed other property subject to levy.

It would seem that the interest of Lawrence Drake in the smaller tract should have been sold for enough to sat-

isfy a judgment of $319.75, but if the sheriff, at the time
of levying the execution, believed his interest in the smaller
tract insufficient, then he might have levied upon both the
227.08-acre tract and the 117.5-acre tract and offered them
for sale separately, the smaller first, and, if it brought suffi-
cient to satisfy the judgment, then the levy would be re-
leased upon the larger tract; but it is our conclusion that,
notwithstanding the fact that the judgment debtor owned
only an undivided interest in the tract levied upon, yet, as
he possessed other property sufficient to satisfy the execu-
tion, the same should have been levied upon and first of-
fered for sale, and that the levy was excessive.

III.   Section 4029 of the Code, 1897,
4. EXECUTION:        authorizes the sheriff to adjourn a sale on
sale: manner,
conduct and     execution where there are no bidders, or
validity: ad-
journment: in-   when the amount offered is grossly inade-
adequate bids.
quate, or when from any cause the sale is
prevented from taking place on the date advertised.   The
discretion of the sheriff as to adjournment should be exer-
cised with a fair and impartial regard as to the interests
of all parties concerned, and where, on the day fixed, there
are no bidders at all, or when the amount bid is grossly
inadequate, he shall ordinarily postpone the same.   *Swort-
zell v. Martin,* 16 Iowa 519.   The discretion herein vested
in the sheriff should be exercised with a fair and impartial
attention to the interest of all parties concerned, and a
failure to do so may be ground for setting aside the sale.
*Copper v. Trust & Savings Bank,* supra.   It was, therefore,
not only the duty of the sheriff to levy only upon such prop-
erty as would be likely to bring the amount to be raised,
but also to adjourn the sale if the amount bid was grossly
inadequate.   The value of the interest levied upon, as
above stated, was approximately $6,000.   It was sold for
the insignificant sum of $800.   This would seem to have

been a case in which the discretion of the sheriff should have been invoked and the sale adjourned.

It is true that this court' has held that mere inadequacy of price does not necessarily render the sale voidable, but, as was said in *Mullaney v. Cutting,* supra, this holding rests in part upon the fact that the sales under consideration were subject to redemption. In this case, the judgment under which the execution was issued had been appealed from, and the judgment debtor had no right to redeem from the execution sale. It has been held that:

5. EXECUTION: sale: manner, conduct and validity: when inadequate bid nullifies sale.

"The holder of a judgment is not to be deprived of his right to satisfy his judgment out of the property of the judgment debtor because the only property which he can find is an indivisible parcel greatly exceeding in value the amount of the judgment; nor is there any fraud in bidding only the amount of the judgment and costs." *Jonas v. Weires,* supra.

This case, however, is distinguished from the cited case by the fact that the judgment debtor was possessed of other property subject to levy, out of which the judgment could have been satisfied. In exercising the discretion required of a sheriff acting with an impartial regard to the interests of all parties concerned, the sale might well have been adjourned to a later date by him.

IV. As above stated, the court found the levy "unlawful, unjust and inequitable * * * and not only a fraud in law, but that same operated as a'fraud in fact." It is quite earnestly contended by counsel for appellant that this finding was not sustained by the evidence.

6. EXECUTION: sale: manner, conduct and validity: inadequate price combined with unfairness: effect.

It appears from the evidence that appellant married the sister of plaintiff, who is the owner of an undivided interest in the tract sold; that, shortly prior to the sheriff's sale, appellant employed an attorney to

procure for him an assignment of several small judgments against the plaintiff; that, on the morning of the day of the sale, the said attorney ordered out an execution in three judgments against plaintiff and placed the same in the hands of the sheriff; that the county attorney and himself were bidders at the sale; that plaintiff had served a brief term in the penitentiary and was not possessed of good credit in the community where the land is situated; that he did not know that he was not entitled to redeem from the sheriff's sale; that he had made an effort to borrow the money to pay the judgment, offering to pledge his interest in the land for that purpose, but that he was unable to make a loan in an amount sufficient to satisfy the several judgments against him.

Numerous witnesses were called on behalf of appellant to testify to the market value of the land and its value as security for a loan. It also appears from the evidence that appellant probably knew that plaintiff could not raise the money with which to satisfy the judgment, and that he did not have the right to redeem from the sheriff's sale. The evidence does not show that appellant was instrumental in causing execution to be issued on the old judgment for costs, but it does show that he was deputy clerk of the district court at the time the costs were taxed.

The court, in *Copper v. Trust & Savings Bank,* supra, reiterated the prior holding of the court that gross inadequacy of consideration, while insufficient in itself to justify the setting aside of the sale, nevertheless may be a "very important fact in connection with other circumstances tending to establish fraud, either actual or constructive. Where other circumstances are shown which excuse the plaintiff's failure to redeem, gross inadequacy of consideration may be sufficient to establish an inference of fraud."

Again, in *Fortin v. Sedgwick,* 133 Iowa 233, the court said:

"Even in the absence of other circumstances characterizing the case, the enormous disproportion between the value of the property sold and the sum to be raised is, in itself, ground from which the inference of fraud is legitimate."

"From the cases here cited we may draw the general conclusion that, if the inadequacy of price is so gross as to shock the conscience, or if, in addition to gross inadequacy, the purchaser has been guilty of any unfairness, or has taken any undue advantage, or if the owner of the property or party interested in it has been for any other reason misled or surprised, then the sale will be regarded as fraudulent and void, or the party injured will be permitted to redeem the property sold. Great inadequacy requires only slight circumstances of unfairness in the conduct of the party benefited by the sale to raise the presumption of fraud." *Graffam v. Burgess,* 117 U. S. 192.

It is also claimed by appellant that notice was served upon the plaintiff of the execution sale; that he did not attend, and that he made no effort at the sale to protect his interest. The evidence quite satisfactorily shows that he was unable to raise funds with which to pay the judgment and thereby prevent the sale. We do not find copy of the notice in the record, but, as plaintiff testified that he did not know that the appeal destroyed his right of redemption, it may be assumed that the notice did not apprise him of that fact.

7. EXECUTION: sale: manner, conduct and validity: sale without redemption: essentials of notice.

It was held, in *Mullaney v. Cutting,* supra, that it is the very essence of a notice of sale that it state, where that is the fact, that the sale will not be subject to the right of redemption.

Without discussing the evidence in detail, but viewing the same in the light of the authorities cited, we reach the conclu-

sion that there were other facts and circumstances besides mere inadequacy of price that should be considered by the court, and that the sale was properly set aside and the sheriff permanently enjoined from executing a deed to the purchaser.

V. In view of the conclusion reached upon the other questions involved, it is not necessary to pass upon the questions as to whether the judgment was properly entered upon the record book. If the entry upon the record book was incomplete, the court had authority to order the correction thereof. *Lambert v. Rice*, 143 Iowa 70.

8. JUDGMENT: entry, etc.: correction.

It is our conclusion that the judgment of the lower court should be, and is,—*Affirmed*.

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.