WALDO EBINGER, Appellant, v. JULIA WAHRER et al., Appellees.

No. 40916.

October 27, 1931.

Herminghausen & Herminghausen, for appellant.

E. H. Pollard, and Johnson & Martin, for appellees.

ALBERT, J.—The execution sale involved is one growing out of the case of Des Moines Marble & Mantle Co. v. McConn, 210 Iowa 266, which opinion was filed November 21, 1929, and a rehearing denied April 16, 1930. The decree in the first case was entered on June 26, 1928. Appeal therein was perfected on August 24, 1928. Special execution was issued on that decree on the 7th day of January, 1929, and the sheriff sold the property under said execution on February 25, 1929.

On February 21, 1930, Waldo Ebinger filed his petition in equity in the present case, seeking a decree setting aside said execution sale and declaring the same null and void; that the certificate of sale issued by the sheriff be cancelled and the sheriff be enjoined from executing and delivering the sheriff's deed thereunder.

Many of the facts in this case correspond with those in the Des Moines Marble & Mantle Company case, and need not be here repeated. For the purposes of this case, a summary of the facts is all that is necessary.

In March, 1923, H. D. and Marie L. McConn, husband and wife, were the owners of certain property involved in this litigation, known as the Orpheum Theater in Fort Madison, Iowa. On the 10th day of March, 1923, they entered into a contract with Waldo Ebinger for the sale of said property for a con-

sideration of $25,000, $5,000 of the purchase price being paid in cash and the balance in deferred payments. Ebinger proceeded to improve and remodel said property, but having failed to pay for the labor and material therefor, numerous mechanic's liens were filed against the property. In the original action of the Des Moines Marble & Mantle Company, the McConns, Waldo Ebinger and wife, the mechanic's lien holders and certain other parties were either made parties or intervened, and the matter having been fully submitted to the court, a decree was entered foreclosing said mechanic's liens and holding, among other things, that the mechanic's liens were superior to the vendors' lien. Second, that the Ebingers had no homestead rights in the property; and third, appointing a receiver for the rents and profits, and providing for the distribution in a specified way.

From that decree Ebinger and wife alone appealed, and in the opinion of this court, above referred to, the action of the district court in making said holdings was affirmed.

The relief prayed for in the present action by Ebinger was denied by the lower court; hence this appeal.

The opinion in the Des Moines Marble & Mantle Company case set at rest for all time three things: 1st. That the mechanic's liens were superior to the vendors' lien. 2nd. That Ebinger and wife had no homestead rights in the property in question. 3rd. That the district court in that case was right in the appointment of a receiver.

While the appellant now seeks to question some or all of these questions, they are all settled adversely to him and are res adjudicata, and we give them no attention in the disposition of this case.

After the commencement of the original action and before decree therein, H. D. and M. D. McConn died, and Julia Wahrer and E. C. McConn, their heirs, succeeded to their interest in said property, and as such were substituted as parties defendant in the original action.

The appellant first asserts that the special execution was void because it failed to conform to the provisions of section 11659, Code, 1927, in that the decree provided the property should be sold free and clear of all right, title, interest, liens or claims of Waldo L. Ebinger, Julia Wahrer and E. C. McConn and the special execution contained no such provision.

2nd. That the special execution did not follow the decree as it was therein ordered that the property be sold free from any equity of redemption, save only the right of redemption provided by statute.

3rd. That Waldo Ebinger, at the time of the issuance of such execution had taken an appeal and thereby lost his right of redemption, and that said writ of execution contained no provision that the property be sold free and clear of the right of redemption of Waldo Ebinger.

4th. That the levy was void because the sheriff failed to indorse on said writ of special execution the fact of having levied on said real estate and the date thereof, at the time when the act was done, in violation of section 11664, Code, 1927.

5th. That the notice of said sale, as posted by the sheriff, failed to provide that said real estate would be sold free and clear of the right, title, interest, liens or claims of the defendants, Waldo Ebinger, Julia Wahrer and E. C. McConn in violation of sections 11722 and 11723, Code, 1927.

6th. A similar attack is made on said notices because they did not state that the property would be sold free of the right of redemption save only the rights of redemption provided by statute, and that Ebinger, prior to the posting of notices, took an appeal and thereby lost his right of redemption, and the notices did not so state, contrary to and in violation of the two latter sections of the statute above referred to. These last two assaults are also made against the notice published in the newspaper by the sheriff of said execution sale, and the same attacks are made upon the sheriff's sale notice served on Waldo Ebinger, the defendant.

It is further contended that the execution sale and sheriff's deed thereunder were illegal and void (which sheriff's deed was issued and delivered after the commencement of this action) inasmuch as the price for which the property was sold was grossly inadequate and fraudulent against the rights of the appellant.

It is further charged that the sheriff failed to perform his duty in that he did not postpone the sale upon his failure to receive an adequate bid for the real estate, contrary to section 11729, Code, 1927.

It is further claimed that the sheriff's deed executed to the said Julia Wahrer is illegal and void in that the said Julia

Wahrer, E. C. McConn and H. E. Travillo conspired together to defraud Waldo Ebinger out of his right, title and interest in said property, including the rents, issues and profits of the real estate after decree during his statutory right of possession under section 11774, Code, 1927.

The above constitutes the substance of the contention of the appellant and his reasons why he claims a reversal.

The original decree in the consolidated cases, after ordering foreclosure of the mechanic's liens and special execution for the sale of the property, proceeded:

"And that said property be sold free and clear from the claim of homestead of the defendants, Waldo Ebinger and Nora Ebinger, and free and clear from the right, title, interest, liens or claims of the defendants, Waldo Ebinger, Julia Wahrer and E. C. McConn. It is further ordered, adjudged and decreed that from and after the sale on such execution, the equity of redemption or other right or interest of the defendants, Waldo Ebinger, Julia Wahrer and E. C. McConn, in and to the property so sold, save only the right of redemption provided by statute, be forever barred and closed."

Waldo Ebinger, having appealed from that decision, lost his right of redemption under section 11775, Code, 1927, reading as follows: "No party who has taken an appeal from the superior or district court, or stayed execution on the judgment, shall be entitled to redeem."

It is conceded that neither of the notices, the one posted or the one served on Ebinger and wife, contained a statement that the sale was to be an absolute one, or that it was without right of redemption; therefore, it is asserted that the notices were void and of no effect. We passed upon this identical question in Mullaney v. Cutting, 175 Iowa 547. In that case the property sold was worth $20,000 to satisfy a judgment of $1,056. The real basis of the holding is that: "If such fact had appeared in the notice involved herein, it would undoubtedly have avoided the unconscionable result which followed. If the public had been advised by this notice that a farm worth $20,000 above its encumbrance was to be sold to the best bidder without redemption to satisfy a judgment of $1,056, it is inconceivable that other and larger bids would not have been received."

The real basis of that opinion lies in the thought just expressed that one buying at judicial sale will bid more where he gets the immediate title and possession of the property than he will if he has to wait a year to get title and possession. In other words, property will bring a better price at a judicial sale when sold without the right of redemption than it will when such redemption right exists. This theory of advantage by receiving higher bids has no application to the present case.

It will be noted from the decree that the vendor's lien was recognized and established, but no foreclosure was entered thereon. The vendors (Julia Wahrer and E. C. McConn) were still creditors of Ebinger and had a right of redemption as provided in section 11776, Code, 1927. This right of redemption was reserved to them in the decree, part of which is above set out. It is apparent, therefore, that the buyer at the execution sale would have to buy subject to the right of redemption under the vendors' lien. The most that the notice could contain to comply with the requirements of the Mullaney case would be a recitation that as to Ebinger, the property was sold without right of redemption. This would not aid the situation, however, and encourage bidders to bid larger amounts because the right of redemption was still outstanding under the vendors' lien. The foundation, therefore, for the holding in the Mullaney case does not exist in the present case, and we are of the opinion, therefore, that Ebinger was in no way harmed or injured by the failure of the notices to recite, in substance, that as to him, the property was sold without the right of redemption.

 It is further insisted that said notices were defective in that they did not recite, in substance, that "the property was sold free and clear from the right, title, interest, liens or claims of Waldo Ebinger, Julia Wahrer and E. C. McConn." No authority is cited to support this proposition and we know of none. The logic of the whole situation is against this contention, and if we were to so hold we would disturb the title to practically every tract of land in which there has been a foreclosure, because in a large part of the foreclosure proceedings, many parties are made defendant and their rights, title, interest, liens or claims are cut off (except redemption) by the decree and no notice which has ever been called to our attention contains this recitation or this in substance. Section 11659, Code, 1927,

specifically points out the contents of a writ of execution, and the notice in the instant case complies with the requirements of such section. We find the allegation of the appellant in this respect should be overruled.

Complaint is also made of the inadequacy of the bid accepted by the sheriff. The record shows that at the time of the sale, the attorney for Ebinger was present at the execution sale in behalf of Ebinger and wife, and asked the sheriff to stop the sale while he read a statement. His request was complied with and the following is the statement he read:

"On behalf of Waldo Ebinger and Nora Ebinger, defendants in the consolidated cases under which the execution just read by the sheriff was issued, I desire to announce that the consolidated cases are now pending on appeal in the supreme court of the State of Iowa, and anyone purchasing the real estate about to be sold purchases the same subject to the rights of the parties as determined finally by the decision on appeal."

It is a well settled rule that a debtor can not have a sale set aside on this ground where the inadequacy was caused by his act, or the acts of those for whom he is responsible. Such is the holding in Samuels v. Revier, 92 Fed. 199; Collins v. Smith, 44 N. W. (Wis.) 510; Blum v. Rogers, 9 S. W. (Texas) 595; Fabel v. Boykin, 55 Ala. 383; Law v. Smith, 4 Ind. 56. Under these cases, plaintiff has no standing to question the adequacy of the consideration of the sale.

Plaintiff asserts in his petition: "At said sale there were other prospective purchasers who were able and willing to pay a reasonable price for said real estate far in excess of $18,200, the amount of the claim of Julia Wahrer and E. C. McConn." It is quite obvious, under these circumstances, why the bid which was finally accepted by the sheriff on this sale was not any larger than it was. The statements made by the attorney for Ebinger at this sale would, of necessity, tend to discourage bidders as no one likes "to buy a lawsuit." It was probably through fear, augmented by the conduct of Ebinger's attorney advising any prospective purchaser that the title he would get was very doubtful and depended upon the outcome of the appeal to the supreme court, that the prospective purchasers refrained from bidding.

We do not feel that Ebinger is in a position here to complain as to the inadequacy of the bid accepted by the sheriff.

It is next insisted that the levy was ineffectual because section 11664, Code, 1927, was not complied with. That section reads as follows:

"The officer to whom an execution is issued shall indorse thereon the day and hour when he received it, the levy, sale, or other act done by virtue thereof, with the date thereof, the dates and amounts of any receipts or payment in satisfaction thereof; which entries must be made at the time of the receipt or act done."

It is insisted herein that the notation on the execution of the levy by the sheriff was not made until after the sale. Entry on the incumbrance book in the clerk's office was not sufficient, and this statute is not directory, but mandatory. See Mullaney v. Cutting, 175 Iowa 547; Drake v. Brickner, 180 Iowa 1166.

The plaintiff in the instant case has the affirmative of this issue.

The rule is too well settled in this State to require citation of authority that an officer is presumed to do his duty. Turning to the copy of the execution in this case we find a notation thereon as follows: "Received the within execution on the 15th day of January, 1929 at 4:30 o'clock P. M." Signed by the sheriff, by his deputy. There is also attached to the return of the sheriff, undated, a recitation that on the 15th day of January, 1928, he levied on the property, describing it. This date is evidently a typographical error as the execution was not issued until January 7, 1929, and all other dates in the return refer to the year 1929. As no question is raised as to the error in the date, we give it no further attention.

This is a recitation that the sheriff levied on the property on the 15th day of January, 1929, but there is no entry connected therewith showing the date on which this entry was made. A careful reading of the statute, however, shows that it does not require the dating of the entries. All it requires is that the entries shall show what was done under the writ, and the day on which the act was done. The statute says, "which entries must be made at the time of the receipt or act done." The contention of the appellant is that the statement on the execution

that the property was levied on was not made in compliance with the statute at the time the levy was made. The presumption is, as above stated, that the officer did his duty, and so long as this entry appears reciting that he levied on the 15th day of January, etc., the presumption, in the absence of all evidence to the contrary, would be that he made the entry on the date when the levy was made. As throwing some light on this question see Farmers Savings Bank v. Mallicoat, 209 Iowa 335.

The question left, therefore, is whether or not the plaintiff has any affirmative proof that the entry noting that this levy on the back of the execution was not made at the time the levy was made. This is a fact question on which the plaintiff had the burden of proof, and a careful reading of the record satisfies us that he has not sustained this burden.

Lastly it is urged that the deed was void in that Julia Wahrer, E. C. McConn and H. E. Travillo conspired together to defraud Waldo Ebinger of his right, title and interest in and to said property. We have given careful attention to this contention and find, under the record, this charge was not warranted. Further than this, on the trial of the case, the defendants made an offer in open court that if Ebinger would pay them a specified sum, much less than the amount they had in the property, they would deed the property to him. This offer was refused, and this having happened, we are unable to see how Ebinger is in any way harmed.

We have discussed all of the controlling questions in the case and disposed of the same adversely to the appellant. It follows, therefore, that the ruling of the district court was right.—Affirmed.

FAVILLE, C. J., and EVANS, DE GRAFF, STEVENS, KINDIG and WAGNER, JJ., concur.