ALLIE NELSON et al., Appellees, v. MORT HAYES et al., Appellants.

No. 43635.

NOVEMBER 24, 1936.

Wisdom & Kirketeg, and H. P. Jaqua, for appellees.

R. Brown, for appellants.

DONEGAN, J.—Prior to February 15, 1932, Mort Hayes was the owner of a farm in Taylor county, Iowa, upon which there was a mortgage in favor of Allie Nelson, Robert Marr, and Anna M. Dinges. Action was commenced by the said mortgagees against Hayes and his wife, Emma, for the foreclosure of said mortgage, and, on the 15th day of February, 1932, a judgment and decree of foreclosure was entered, and John M. Dinges was appointed receiver. Following the entry of the decree and the appointment of the receiver, Mort Hayes and Emma Hayes entered into four separate leases of the land, by which they leased the land and agreed to pay rentals thereon, each of these leases being for a separate year. The first two of these leases were made with the receiver and the last two with the purchasers and owners under the sheriff's deed, the last of these leases being for the term of one year from and after the first day of March, 1935.

On August 26, 1935, the plaintiffs herein, Allie Nelson, Robert Marr, John M. Dinges and Charles V. Dinges, Jr., commenced the instant action in equity against Mort Hayes and Emma Hayes to quiet title to the land, alleging their ownership thereof in undivided shares; that the defendants have been tenants of said land since March 1932, under written leases; that they understand and believe that the defendants make some claim as owners of said land, but allege that said defendants have no right, title or interest therein as owners, their only right being that of tenants of the plaintiffs, which right as tenants will expire on March 1, 1936. Plaintiffs alleged that they would be entitled to the absolute possession of the land as against the defendants, and all persons claiming by, through, or under them, after March 1, 1936; and they asked that their title to the land be established and quieted, that their right to the full, complete and actual possession of said land be found and established against the defendants, except as to the defendants' right under the lease; and that the clerk of the court issue a writ of possession immediately after March 1, 1936, directing the sheriff to put the plaintiffs in actual possession of the premises. To this petition the defendants filed an answer which, while not denying any of the allegations of the petition, alleged the foreclosure action, the decree therein, the issuance of special execution and the return thereon, copies of the execution and return being attached and made a part of the answer. The answer further alleged that the return shows that the execution was receipted for by the

deputy sheriff, that all acts done thereunder in attempting to make a levy on the land were done by the deputy sheriff, that the indorsement made on the return reciting its receipt and levy made thereunder was made by the deputy sheriff, and that all these things were done by the deputy sheriff in his own name and not in the name of the sheriff. The defendants allege that, because of the matters thus set out, there was no valid levy made on the land, and that the sheriff's sale and sheriff's deed issued pursuant thereto are wholly void and did not convey or vest any right to the land in the plaintiffs. Defendants prayed that the prayer of the petition be denied, that the defendant, Mort Hayes, be declared to be the absolute owner of the said land, that said sale be declared void and without legal effect, and that the deed issued thereunder be declared void.

To this answer the plaintiffs filed a motion to dismiss, on the ground that the answer shows upon its face that the allegations of the plaintiffs' petition are not denied, and that defendants' whole case rests upon a confession and avoidance; that it appears upon the face of said answer that judgment and decree had been entered foreclosing the mortgage lien, that execution had issued upon said judgment, that the premises had been sold, that no redemption had been made, and that time for redemption had passed. By an amendment to their motion plaintiffs further alleged that defendants' answer shows that the land was sold under a special execution and under an order of court directing the sheriff to sell same, and no action thereon by the sheriff was necessary under the facts shown by defendants' answer. Upon hearing the plaintiffs' said motion to dismiss defendants' answer was sustained, and, defendants having elected to stand on their pleadings, decree was entered in favor of the plaintiffs. From this order of the court sustaining the motion to dismiss their answer, the defendants have appealed.

There is no dispute in the facts, and this case comes to us on appeal on questions of law only, which have been presented in statements of errors upon which the appellants rely for a reversal. Both the answer of the defendants and the plaintiffs' motion to dismiss are far from being models of clear and concise pleading. From the statements of these pleadings, however, and from the matters considered by the trial court in its opinion and the matters which are here argued, it seems apparent that the defense set out in appellants' answer is based primarily on the

thought that the return attached to the execution fails to show that the sheriff had entered thereon the date and hour when such execution was received and the date when the land was levied upon thereunder; that, because said return did not show such entries thereon, there was no valid levy upon the land; and that, there having been no valid levy, there could be no valid sale. From these same matters it also appears that the plaintiffs' motion to dismiss defendants' answer was based primarily upon their contention that the return attached to the execution affirmatively showed that a sufficient levy had been made upon the land which was sold thereunder. The first two errors alleged by appellants attack the validity of the sale in the foreclosure action on the ground that no sufficient levy was made upon the land under the execution, and that there was no sufficient levy because the return on the execution shows that the sheriff did not comply with the mandatory provisions of our statutes imposing the doing of certain acts in levying on land under an execution.

█ █ █  The statutory provisions which it is claimed are mandatory and were not complied with are found in sections 11664 and 11668 of the Code, 1931.

· Section 11664 provides that, "The officer to whom an execution is issued shall indorse thereon the day and hour when he received it, the levy, sale, or other act done by virtue thereof, with the date thereof, * * *; which entries must be made at the time of the receipt or act done."

Section 11668 provides that, "When an execution is delivered to an officer, he must proceed to execute it with diligence; if executed, an exact description of the property at length, with the date of the levy, shall be indorsed upon or appended to the execution * * *."

The return attached to the execution in this case is in part as follows:

"Return of Execution:
"STATE OF IOWA, Taylor County, SS.
"I, Phil Terry, Deputy Sheriff of said County, do hereby certify that the annexed Execution came into my hands for service on the 18 day of Feb., A. D., 1932 and on the 18 day of Feb., A. D., 1932, I proceeded to serve the same by levying upon the following described real estate (being the same described in

said writ) as the property of Mort Hayes & Emma Hayes et al, to-wit:'' This is followed by a description of the same real estate described in the execution, and after this description are the signature, date and hour, as follows:

"Phil Terry, Dep. Sheriff. 2-18-32

"9:45 A..M.''

The return proceeds to state that on the 18th day of February, 1932, the property was advertised for sale by posting notices and also by publication; that on said day notice of execution on the premises and of the time and place of sale was given to the defendants; and that on the 19th day of March, 1932, the property (describing it) was sold to the plaintiffs in the said foreclosure action and a certificate of sale issued to them. And at the end of the return is the statement: "Given under my hand at Bedford, Iowa, this 19th day of March, A. D., 1932. C. W. Cornell, Sheriff of said County."

The notice of levy of execution to Mort Hayes and Emma Hayes notified them that the land (describing it) had been levied upon pursuant to the execution and would be sold on the 19th day of March, 1932, and the return on this notice, signed by C. W. Cornell, Sheriff of Taylor County, Iowa, stated that it was received by him on February 18, 1932, and that on the same day it was served personally upon Mort Hayes and Emma Hayes. The question is, Do all of these matters, which the parties apparently have treated as admitted by the defendants' answer, present a defense to the plaintiffs' petition which would entitle the defendants to the relief asked by them?

Appellants contend that, under sections 11664 and 11668, the acts of receipting for an execution and indorsing thereon the day and hour when received, and the acts of making a levy, sale, or other acts done thereunder, and the date of each such act, must be indorsed upon the execution or return attached thereto, and must be done, either by the sheriff personally, or by a deputy acting for the sheriff and in the name of the sheriff. They contend that, in this case, the return upon the execution shows that there is no indorsement thereon by the sheriff stating the day and hour when he received it; that there is no indorsement on the return by the sheriff showing that he made a levy of said execution upon the land sold thereunder; that the return of said execution shows on its face that the execution was received and

receipted for by a deputy sheriff in his own name and not in the name of the sheriff; that the return shows on its face that the attempted levy of the execution was made by a deputy sheriff in his own name and not in the name of the sheriff; that the return on said execution thus shows on its face that there was no valid receipt of said execution and no valid levy thereof prior to the time of the attempted sale of the land thereunder; and that said sale is, therefore, void and conveyed no title or interest to the purchasers.

The appellants rely upon the rule announced in Mullaney v. Cutting, 175 Iowa 547, 154 N. W. 893, and referred to in Drake et al. v. Brickner et al., 180 Iowa 1166, 163 N. W. 597; Ebinger v. Wahrer et al., 213 Iowa 84, 238 N. W. 587, and Richardson v. Rusk, 215 Iowa 470, 477, 245 N. W. 770, 773, holding that, in a legal sense, there can be no levy on real estate under an execution until such fact is entered upon the execution. In the Mullaney case it appears that no entry of the fact of levy was made until included by the sheriff in his final return, which was made after the sale. In the Drake case the same situation seems to have existed. In the Ebinger case it was contended that, because the return of the execution was in narrative form and was not completed and signed by the sheriff until after the sale, the notation on the execution of its receipt with date thereof, and the undated recitation attached to the return that it was levied on a given date, were not a sufficient compliance with the statutes; but this court held that, although the return of the sheriff was in narrative form, the recitation therein that the sheriff levied on the property on a certain date was sufficient, in the absence of evidence to the contrary, to show that the levy had been made at the time stated in the return and before the sale. In the Richardson case the same question appeared, and this court, in passing upon it, said: "The return of the sheriff is in narrative form and has the appearance of having been made after the sale. We are convinced that such was the case."

In the case at bar, however, it is stated in the return that the execution was received for service on February 18, 1932, and served the same day by levying on the land (which was described in detail) as the property of Mort Hayes and Emma Hayes, and immediately below this statement appear the signature and date, —"Phil Terry, Dep. Sheriff. 2-18-32 9:45 A. M." The complete return contains, in addition to the matters above referred

to, the further statements as to notice of levy and sale, the fact of sale, and issuance of sheriff's certificate of sale to the purchasers, and this was signed by the sheriff himself in his official capacity as sheriff. We think it must be taken as true, therefore, that, on the 18th day of February, 1932, the deputy sheriff did go through the procedure and perform the formal acts necessary to a levy on the land, and that, on the same day, the statement that these acts had been performed was entered upon the return of the execution. Under the provisions of section 5242, Code of 1931, the deputy sheriff had the right to perform such duties as were assigned to him by the sheriff. By signing the complete return, the sheriff not only certified to the facts therein stated which were done by him personally, but he also certified as to things therein stated which were done by his deputy under his direction and in his behalf.

In Ebinger v. Wahrer, 213 Iowa 84, 91, 238 N. W. 587, 590, it was claimed that section 11664 had not been complied with in making the levy, because the statements of the return did not show that the levy had been made at the time as stated in the final return. In holding that the statement contained in the return was sufficient, this court, through Mr. Justice Albert, said:

"The rule is too well settled in this State to require citation of authority that an officer is presumed to do his duty. Turning to the copy of the execution in this case we find a notation thereon as follows: 'Received the within execution on the 15th day of January, 1929 at 4:30 o'clock P. M.' Signed by the sheriff, by his deputy. There is also attached to the return of the sheriff, undated, a recitation that on the 15th day of January, 1928, he levied on the property, describing it. This date is evidently a typographical error as the execution was not issued until January 7, 1929, and all other dates in the return refer to the year 1929. As no question is raised as to the error in the date, we give it no further attention.

"This is a recitation that the sheriff levied on the property on the 15th day of January, 1929, but there is no entry connected therewith showing the date on which this entry was made. A careful reading of the statute, however, shows that it does not require the dating of the entries. All it requires is that the entries shall show what was done under the writ, and the day on

which the act was done. The statute says, 'which entries must be made at the time of the receipt or act done.' The contention of the appellant is that the statement on the execution that the property was levied on was not made in compliance with the statute at the time the levy was made. The presumption is, as above stated, that the officer did his duty, and so long as this entry appears reciting that he levied on the 15th day of January, etc., the presumption, in the absence of all evidence to the contrary, would be that he made the entry on the date when the levy was made.''

We think that, in the instant case, the complete return which is signed by the sheriff certifies to all the facts set out in the complete return and that, even if the entry as to the receipt of the execution and levy made upon the land was irregular, insofar as the signature was made by the deputy in his own name, instead of being made in the name of the sheriff by him as deputy, the acts done by the deputy were done by him as such and under authority which he possessed. This entry stated that the levy was made, it described the land levied on, it gave the date when the levy was made, and all this was immediately followed by the signature of the deputy sheriff, in his official capacity, and the date and hour when the entry itself was made. Even if no signature at all had been appended to this particular entry, we think that the sheriff's signature to the complete return would have been sufficient, under the facts of this case, and under the holding in Ebinger v. Wahrer, supra, to show that the act of levying occurred on the date as shown in the entry reciting the levy. While the statutes upon which the appellants rely should be complied with by the officers to whom executions are directed, we do not think that the act of a deputy sheriff, in making a single entry upon a return in his own name instead of in the name of the sheriff by him as deputy, is such a substantial failure to comply with the provisions of the statutes that the act referred to in such an entry must be declared to be a nullity. We are of the opinion that the return of the execution, a copy of which was made a part of the defendants' answer, affirmatively shows upon its face that the execution was levied on the 18th day of February, 1932; that the fact of such levy was entered upon the return as required by statute; and that there was, therefore, a valid levy which was sufficient to sustain the sale made thereunder.

■■■ Even if there had been a failure to comply with the provisions of the statutes, as claimed by appellants, such failure became ineffective under the provisions of chapter 169 of the Acts of the Forty-fifth General Assembly, which legalized all execution sales theretofore had in which the execution officer had failed to make the entries, the omission of which is hereby relied on by the appellants. A similar claim was urged in Francis v. Todd & Kraft Co., 219 Iowa 672, 259 N. W. 249, and we there held that the sheriff's acts stood legalized at the time of the trial, which was after the legalizing act became effective. In the instant case this act was in effect long before the action was commenced.

As the decision which we have reached determines the validity of the levy of execution and the sale made thereunder, it becomes unnecessary to consider other propositions which were raised by plaintiffs' motion to dismiss the defendants' answer, and which were assigned as errors and have been urged upon this appeal.

Appellees' motion to rescind a former order of this court, to reform record, and to dismiss appeal, which was submitted with the case, is hereby overruled, and the order of the trial court, from which this appeal is taken, is hereby affirmed.—Affirmed.

PARSONS, C. J., and KINTZINGER, RICHARDS, STIGER, and ALBERT, JJ., concur.