THE STATE INS. CO. v. GRANGER ET AL.

1. **Original Notice:** SERVICE UPON AGENT OF CORPORATION: STATUTE CONSTRUED. While section 2613 of the Code provides that, "where a corporation, company or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of, or connected with, the business of such office or agency," *held* that this statute does not warrant the service of the notice upon one agent, in an action growing out of the business of another and former agent, who conducted a different office in the same town; and that a notice so served did not give the court jurisdiction over the principal.

2. **New Trial:** PETITION FOR: MERITORIOUS DEFENSE. Where a petition for a new trial states facts which, if true, constitute a meritorious defense to the cause in which the new trial is asked, a new trial should not be denied simply because the evidence is not conclusive as to the facts. It is the province of the jury on the new trial to determine the weight of the evidence.

### Appeal from Story District Court.

### FRIDAY, DECEMBER 7.

THE petition states, in substance, that the defendant, Granger, recovered a judgment against the plaintiff on a policy of insurance, and that no notice of the pendency of the action was served on plaintiff, who has a meritorious defense to said action. The relief asked is that the judgment be set aside, and that plaintiff may have a new trial of said action, as the statute provides.

The court found for the defendant and dismissed the petition. The plaintiff appeals.

*Wright, Cummins & Wright,* for appellants.

*W. E. Miller* and *Martin & Sellers,* for appellees.

SEEVERS, J.—On May 15th, 1880, one Shaffer was the plaintiff's agent at Colo, Story county. He took an application on that day from the defendant, Granger, and forwarded the same to the plaintiff at Des Moines, who issued a policy of insurance thereon, on which the judgment was recovered which the plaintiff asks to have set aside. Shaffer was a soliciting agent only, and he continued to act in that capacity until after the 15th day of September, 1880. In fact, Shaffer continued to act as such agent until in the "spring of 1881."

On the 15th day of September, 1880, D. F. Bishop was appointed by plaintiff as its soliciting and recording agent at Colo. A recording agent has power to issue policies, but a soliciting agent has not. In August, 1881, an action on

*1. ORIGINAL notice: service on agent of corporation: statute construed.*

the policy was commenced in Story county, and the original notice thereof was served on Bishop as the plaintiff's agent. No other service was made. No appearance was made to the action by the plaintiff, and a judgment was rendered against. it for the amount of the policy.

The plaintiff is a resident of Polk county, but, as the loss occurred in Story county, the district court of that county had jurisdiction of the subject matter.   Code, § 2584.

The only question to be determined, therefore, is whether the court obtained jurisdiction over the plaintiff by the service of notice on Bishop.

I.   The Code provides that in suits against corporations service may be made on any agent employed in the general management of its business.   § 2612.   It is not claimed that Bishop was such an agent.

Section 2613. of the Code is as follows:   ".Where a corporation, company or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency."

It will be observed that the service must be made on some one " employed in such office or agency, in all actions growing out of, or connected with, the business of *that* office or agency."   As we understand, service could be made on Bishop, and the plaintiff bound thereby, in all actions growing out of or connected with his (*that*) office or agency.   Beyond this the statute does not go.   Suppose there were two agents or agencies in the same county, legal service could not be made on any person employed in one office or agency, when the business out of which the action grew was transacted in the other office or agency.   Again, suppose an agent is removed, or ceases to act, and the agency is for a time closed; and afterward another agent is appointed, and thereafter there is such an office or agency, can a person employed in the

latter be legally served with notice in an action growing out of business done by the former agent, and would the principal be bound thereby? We think not. The action must have grown out of, or been connected with, the business or agency in which the person served is employed. The reason for this is obvious. The statutory thought is that, if service on the principal is dispensed with, it should be made upon some one connected with the business out of which it grew. And this is reasonable. Such a person would be much more likely to inform his principal of the pendency of the action than one who knew nothing about the business, and was not interested therein. In the case before us, for a time at least, both Shaffer and Bishop were acting as agents for the plaintiff. Both, therefore, had an office or agency. Now, suppose the notice had been served on Bishop while Shaffer was still acting, could it be said that Bishop was employed in the office or agency of Shaffer? Clearly not, we think. There is no evidence which so tends, and the two offices or agencies were distinct and separate. Bishop had greater powers than Shaffer, because he could issue policies. Bishop had nothing to do with the application or policy of insurance on which the defendant's action was based. It was not connected with his office or agency. Nor did the action grow out of anything done by him, or by any one connected with his office or agency. As bearing on this question, see *Upton Manf. Co. v. Stuart Bros.*, 61 Iowa, 209.

The plaintiff, therefore, is not bound by the notice served on Bishop. Such a service has no more force and effect than if made on a stranger. It is not a defective service, but must be regarded as no service. There cannot be any great hardship if a party is required to serve the principal, or some agent, or other person, as provided by statute.

It was held in *Newcomb v. Dewey*, 27 Iowa, 381, that, if the defendant in an action did not have notice of the pendency thereof as required and prescribed by statute, the judgment obtained by default should be set aside in a proceeding

of this character. Following that case, the judgment in controversy in this action must be set aside.

II. Counsel for the appellee insist that the plaintiff had knowledge of the pendency of the action, and therefore is now estopped from insisting that it is invalid for want of notice. But we think the clear preponderance of the competent evidence is that the plaintiff did not have any knowledge of the action until after the judgment was rendered.

III. It is also insisted that the plaintiff has failed to show that it has a meritorious defense to the action on the policy. One of the defenses relied on is that, by the terms of the policy, it was to be void if the incumbrances on the property were not truly stated in the policy. As we understand, it is conceded that the amount of incumbrances is not truly stated in the application; but it is claimed that the plaintiff's agent, who filled up the application, was notified of the incumbrances, and that he failed to state the same in the application. Conceding this to be so, we think the plaintiff is entitled to have the question determined by a jury. Nor are we prepared to say that the evidence is so clear as to leave no doubt which theory is correct. Indeed, we think it would be improper to express an opinion as to the weight of the evidence contained in the record supporting the defense. *Bowen v. Troy Mill Co.*, 31 Iowa, 460.

2. NEW TRIAL: petition for meritorious defense.

The judgment of the district court is

REVERSED.