PHILP ET AL. v. THE COVENANT MUTUAL BENEFIT ASSOCIA-
TION OF ILLINOIS.

1. **Original Notice**: SERVICE UPON AGENT OF CORPORATION: NO JUR-
ISDICTION. Upon consideration of the evidence in this case, it appears
that the person upon whom notice was served, for the purpose of ob-
taining jurisdiction of the defendant corporation, was not employed in
any office or agency for the defendant in this state, (Code, § 2613,) was
not appointed agent of the defendant under section 1165 of the Code,
and was not employed in the general management of defendant's busi-
ness, as contemplated by section 2612 of the Code; and it is therefore
*held* that the court obtained no jurisdiction by such service to render
judgment upon default against the defendant.

*Appeal from Lee District Court.*

SATURDAY, DECEMBER 15.

THE plaintiffs, as the heirs of John Philp, Jr., deceased, on
the 12th day of December, 1883, commenced this action to
recover of the defendant $2,500, upon a policy of insurance
upon the life of the said John Philp. The return upon the
original notice is as follows: "This notice came to my hand
for service on the 12th day of December, 1882, and on the
13th day of December, 1882, I served the same personally
on the within defendant, Covenant Mutual Benefit Associa-
tion of Illinois, by reading and delivering a true copy thereof
to C. E. Hambleton, assistant manager of agencies of said
association, and a general agent of defendant. Said service
being made in the City of Keokuk, Lee county, Iowa." On
the 8th day of February, 1883, the following entry was made
on the judge's docket: "Default and judgment for $2,626 and
costs; 6 per cent." At the same time the court orally ordered
default and judgment against defendant for $2,626, but no
entry was made on the court record, the same being withheld
from record at the request of the defendant, after it was dis-
covered that default and judgment had been ordered. On
the 21st day of February, at the same term, the defendant

appeared and moved the court to set aside the default, accompanying the motion with an affidavit that the death of John Philp, Jr., was the result of suicide, whereby the policy, by its own terms, became void. The court overruled the motion, and ordered judgment to be entered of record of date February 8, 1883. The defendant appeals.

*McKenzie & Calkins* and *Hagerman, McCrary & Hagerman*, for appellant.

*Craig, Collier & Craig*, for appellee.

DAY, CH. J.—One of the grounds of the motion to set aside the default is that the defendant had not been served as required by law, and the court had no power or authority to entertain jurisdiction and to render judgment. Section 1165 of the Code, with reference to life insurance companies, provides: "Such company shall also appoint an attorney or agent in each county in this state, in which the company has an agency, on whom process of law can be served, and such company shall file with the auditor of state a certified copy of the charter or articles of incorporation of said company, and also a certified copy of the certificate of appointment of such agent or agents, which appointment shall continue till another attorney or agent be substituted."

Section 2612 of the Code provides: "When the action is against a municipal corporation, service may be made on the mayor or clerk, and if against any other corporation, on any trustee or officer thereof, or on any agent employed in the general management of its business, or on any of the last known or acting officers of said corporation."

Section 2613 of the Code provides: "When a corporation, company or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency."

In support of the motion, the defendant filed the affidavit of E. F. Phelps, secretary and general manager of the defendant, stating that the defendant is a corporation organized under the laws of the state of Illinois, with its general office at Galesburg, Illinois, and that C. E. Hambleton, upon whom, as agent of the defendant, the notice of this suit was served, was not at, nor for a long time prior to, the time of service, a trustee or officer, nor an agent employed in the general management of the defendant's business, nor did defendant at such time have an office or agency in Lee county, Iowa, nor was said Hambleton ever appointed agent in this state, under section 1165 of the Code. The further evidence submitted upon the motion showed that, at the time service was made upon Hambleton, he was in Keokuk, acting as attorney for the defendant in an action before a justice of the peace; that his home was in Galesburg, Illinois, and he had no headquarters in Iowa; that he was assistant manager of agencies, and acted for the company whenever sent out by them to investigate losses, to look up testimony in law suits in which the company was engaged, and at times to look after local agents, investigate the facts, and report to the general manager, but that he did not take risks or issue policies, and that the person performing such duties as Hambleton performed did not act in states where there were agents, and that Funk, of Des Moines, was the agent for defendant in Iowa. Some evidence was introduced of declarations made by Hambleton, but this evidence we regard as incompetent.

Hambleton's agency cannot be proved by his own declarations. So far as is shown by competent evidence, Hambleton was not authorized to do any act for the defendant in Iowa, except to appear as attorney, in behalf of the defendant, in the justice's suit before referred to. As Hambleton was not employed in any office or agency for the defendant in this state, and was not appointed agent of the defendant under section 1165 of the Code, it follows that service upon him can be sustained only under section 2612 of the Code,

upon the ground that he was employed in the general management of the business of the defendant. An agent who had no authority to act for the defendant in this state, and whose duties outside of the state were limited to the investigating of facts, and the reporting of them to the general manager, cannot, it seems to us, be an agent employed in the general management of the defendant's business, as contemplated in section 2612 of the Code.

The appellee relies upon *The Farmers' Insurance Co. v. Highsmith*, 44 Iowa, 330; and the *Centennial Mutual Life Association v. Walker*, 50 Id., 78. In the former of the above cases, service was made upon an agent of the defendant transacting business for it in the county where suit was brought, and who made the contract of insurance which was involved in the action in which the service was obtained. The decision is based upon the provisions of section 4, chapter 95, of the laws of 1872. In the latter of the above cases, service was made upon the general manager of agencies for the state of Iowa. Neither of the cases supports the service made in this case. In our opinion the service upon Hambleton did not confer jurisdiction, and the court should have set aside the default and allowed the defendant to make defense.

REVERSED.