JAMES H. THOMPSON v. JOHN THOMPSON AND MARTIN AND SELLERS, Appellants.

Justice of the Peace: JURISDICTION: *Statements of record.* Under Code, 1873, section 3507, providing that a justice of the peace has no jurisdiction of actions for the recovery of money. against residents of another county, except "when founded on written contracts payable in the county where the court is held," and Code 1897, section 4648, declaring that the proceedings of courts of inferior jurisdiction shall be presumed to be regular except as to matters required to be entered of record, and except where otherwise expressly declared, a justice has jurisdiction of the subject-matter of an action on a note payable in his county against a non-resident, without making the note of record nor making any statement regarding the place of payment.

SERVICE OF NOTICE: *Amendment of return.* In an action before a justice on a note payable in his county against a non-resi-

dent, the return of the officer serving the notice showed that it was served on defendant's son, "he being of age and staying at home with defendant" at "defendant's house * * * in said county * * * by reading the notice to him, and delivering personally a copy thereof." About 15 years afterwards the officer amended the return so as to show personal service on defendant. Defendant positively testified that no notice was ever served on him personally. *Held*, in a suit to cancel the judgment, insufficient to show that the justice acquired jurisdiction of defendant, and therefore the judgment rendered against him was void.

Cancellation of Sheriff's Deed: ALLOWANCE FOR IMPROVEMENTS: *Receipt of rents and profits*. In a suit to set aside a sheriff's deed the judgment creditors and purchasers could not complain because the court refused to allow them for improvements placed upon the property after the purchase, where the evidence showed that the rents largely exceeded the value of such improvements.

*Appeal from Story District Court.*—HON. J. R. WHITAKER, Judge.

FRIDAY, MAY 16, 1902.

SUIT in equity to set aside a sheriff's deed and to cancel a judgment. From a decree for plaintiff, defendants appeal.—*Affirmed.*

*J. F. Martin, T. L. Sellers*, and *I. W. Douglass* for appellants.

*Henry H. Griffiths* and *D. J. Vinje* for appellee.

DEEMER, J.—The sale of the property was on a judgment purporting to have been rendered by a justice of the peace in Story county, Iowa, wherein Martin and Sellers were plaintiffs and James H. Thompson, plaintiff herein, was defendant. Plaintiff alleges that the judgment was void because the justice had no jurisdiction, and, if valid, that the same had been fully paid before the levy of the execution on the lot in controversy, and that in any event the sale should be set aside because of inadequacy of the

purchase price.   It affirmatively appears from the records that one Allen, a justice of the peace in and for New Albany township, Story county, entered a judgment for $29.94 on April 23, 1885, in a case wherein Martin and Sellers were plaintiffs and J. H. Thompson was defendant, upon a promissory note, purporting to have been executed by said defendant to the aforesaid plaintiffs; that a transcript of this judgment was filed with the clerk of the Story county district court, May 26, 1885, and that execution issued thereon March 28, 1898, which was levied on the property in controversy, and a sale had thereunder, which ripened into a deed May 1, 1899. At the time the judgment was rendered, James H. Thompson was a resident of Jasper county, and he says that no notice was served upon him of an action before the justice of the peace, and further claims that the claim and the judgment were paid long before the levy of the execution.   The return, as it appeared upon the notice issued by the justice, read as follows: "*Martin and Sellers vs. J. H. Thompson.*  Justice Court.   State of Iowa, Story County— ss:   I hereby certify that I served the within notice on the defendant's son, he being of age and staying at home with J. H. Thompson, defendant, at defendant's house in Clear Creek township, Jasper County, Iowa, in said county, on the 17 day of April, 1885, by reading the said notice to him, and by delivering him personally a copy thereof at the same time and place.   Fees, $1.20.   M. Cox, Deputy Constable."   During the trial of the case at bar, Cox, who signed the original return, made the following amended return, which was offered and received as evidence: "I, M. Cox, being duly sworn, depose and say that I served the original notice of Robert Allen, J. P., in the suit of *Martin and Sillers vs. J. H. Thompson,* upon the said defendant, J. H. Thompson, at his home in Clear Creek Twp., Jasper County, Iowa, on the 17th day of April, 1885, by reading in his presence and hearing, and by giving

him then and there, a copy of the same; that at the time I
was constable in said Clear Creek Twp., Jasper County,
Iowa, and all done April 17th, 1885. M. Cox." "Sub-
scribed and sworn to in my presence this 19th day of March,
1900. C. M. Soper, Clerk. [Seal.]" The transcript of
the justice's judgment, which was also offered in evidence,
shows personal service of the original notice on James H.
Thompson in Jasper County, Iowa, but does not set out the
note. That instrument seems to be fastened to the page of
the docket on which the judgment appears, but it was put
there by Allen's successor.

The note was payable at Colo, Iowa, which is in Story
county. Plaintiff contends that, as the judgment was ren-
dered by a court of inferior jurisdiction, it must show on
its face that the court had power to render the
same; and that, if jurisdictional facts do not ap-
pear, the judgment is void. Section 3507 of the
Code of 1873 provided, in substance that a jus-
tice of the peace had no jurisdiction of actions
for the recovery of money against residents of another
county, except where founded on written contracts paya-
ble in the county where the court was held. In constru-
ing this section we have held that a judgment against a
non-resident of the county, unless it be founded on a con-
tract payable in the county where the judgment is ren-
dered, is void, although the defendant appeared and did not
object to the jurisdiction until the case was appealed to a
higher tribunal. *Hamilton v. Millhouse*, 46 Iowa, 74;
*Boyer v. Moore*, 42 Iowa, 544; *McMeans v. Cameron*, 51
Iowa, 691. These cases are not regarded as controlling,
however, for it is provided in section 4648 of the Code of
1897 (section 3669 of the Code of 1873) that the proceed-
ings of courts of limited and inferior jurisdiction shall be
presumed to be regular, except as to matters required to
be entered of record, and except where otherwise ex-
pressly declared. As the justice was not required to

make the note of record, nor to make any statement regarding the place of payment, we have to deal with the fact, rather than the form, of the judgment entry. The note offered in evidence on which the judgment was obtained was payable in Story county, and that gave the justice jurisdiction, provided the defendant was served with notice of the action. On the latter proposition there is a decided conflict in the evidence. The original return which we have set out shows no service on defendant Thompson. According to that return the notice was served on defendant's son. It does not appear that defendant was not found within the county of his residence, that a copy was left at his place of residence, that defendant's son was a member of his family, or that he (the son) was over 14 years of age. Manifestly this is a case of no service, and not one where the service is simply defective. *Le Grand v. Fairall*, 86 Iowa, 211; *Dohms v. Mann*, 76 Iowa, 723; *Hoitt v. Skinner*, 99 Iowa, 364.

Defendants attempt to sustain the judgment by offering the amended return to which we have referred. It will be noticed that this was made nearly 15 years after the time it is claimed the service was made, and that it absolutely contradicts the statements made in the first return. Plaintiff testified positively that no notice was ever served on him personally, and we are inclined to think that Cox's written statement as to what he did at or near the time of the transaction is better evidence than his unaided recollection some 15 years after the event. We are constrained to hold that the justice of the peace had no jurisdiction of the case against plaintiff, and that his judgment was, and is void. We are the more ready to reach this conclusion because the evidence tends quite strongly to show that the note on which it is based was more than paid by the defendants before the execution sale.

Defendants also complain because the court did not allow them for improvements placed upon the property

after the purchase. The testimony shows, however, that the rents largely overbalanced the improvements and that the claim is without merit. The decree is right, and it is AFFIRMED.