### McGUIRE v. GREAT NORTHERN RY. CO.

(Circuit Court, N. D. Iowa, C. D.   July 20, 1907.)

No. 296.

CORPORATIONS—FOREIGN CORPORATIONS—SERVICE OF PROCESS ON AGENT.

A railroad company of another state, neither owning nor operating any line of road in the state of Iowa, cannot be brought within the jurisdiction of a state court therein, either under the rule of the national courts or the Iowa statutes relating to suits against foreign corporations, by service made upon an employé, not a general agent, maintaining an office in that state for the purpose of soliciting business to be done outside of the state, where the cause of action has no connection with such office or agency.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2603–2612.

· Service of process on foreign corporations, see notes to Eldred v. American Palace-Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bollinger, 78 C. C. A. 473.]

On Motion to Quash Service of Summons.

Kelly & Kelly and E. A. Morling, for plaintiff.
J. L. Kennedy, for defendant.

REED, District Judge. This case was before the court at a former date upon plaintiff's motion to remand and plea to the jurisdiction of the court, which were denied. 153 Fed. 434. The defendant Great Northern Railway Company, appearing specially for that purpose, now moves to set aside and vacate the service of the original notice of the action against it in the state court, and to dismiss the suit for want of jurisdiction of that court, and of this court over said company. The proceeding is not one in rem, but was brought in the state court to recover a personal judgment against the Great Northern Railway Company, a Minnesota corporation. The original notice of the action in the state court was served upon the Great Northern Company in Woodbury county, this state, by the sheriff of that county. The sheriff's return indorsed upon that notice is as follows:

"This notice came into my hands on the 9th day of July, 1906, and on July 9th, 1906, I served the same on the within named defendant Great Northern Railway Company by reading the within notice to F. A. Hills, district pas-

senger agent of the Great Northern Railway Company, and delivered to him a true copy thereof in Sioux City township, Woodbury county, Iowa."

The grounds of the motion to vacate the service are (1) that the Great Northern Railway Company was not at the time of such service a corporation of Iowa, and did not own or operate any line of railroad in that state and was not engaged in any business therein; (2) that said F. A. Hills, upon whom said notice was served, was not its general agent, or its agent for any purpose for the transaction of business in the state of Iowa; that defendant had no office or agency in said state for the transaction of any business therein; that said F. A. Hills was an employé of the defendant with the title of "District Passenger Agent," but his duties as such employé were limited to the soliciting of business to be done by the defendant outside the state of Iowa, and that he had no other authority or other duties to perform for said defendant; and (3) that the cause of action alleged in plaintiff's petition is not one growing out of or connected with the transaction of any business by the Great Northern Company within the state of Iowa. The motion is supported by the affidavit of said F. A. Hills, which is as follows:

"I, Fred A. Hills, being duly sworn on oath, do depose and say that I am the person on whom was served the original notice against the Great Northern Railway Company, in the case of Susie McGuire, Administratrix of the Estate of P. F. McGuire, Deceased, Plaintiff, vs. Minneapolis & St. Louis Railroad Company, the Great Northern Railway Company and C. A. Ziehlke, Defendants, said case being brought in the District Court of Iowa, in and for Palo Alto county; that I am not the station agent of the said Great Northern Railway Company; that the said Great Northern Railway Company has no line of railway in the state of Iowa, and none in the county of Palo Alto, in said state, and that the Great Northern Railway Company has no office or agency in said Palo Alto county, and that the said suit is not brought on an action growing out of or connected with the business of any office or agency of the said Great Northern Railway Company in said state of Iowa or in said Palo Alto company; that I am not the general agent or a general agent of the said Great Northern Railway Company; that I am not a ticket agent of the said Great Northern Railway Company in said state of Iowa, or a ticket agent, or agent of the said Great Northern Railway Company in Palo Alto county.

"Fred A. Hills."

(Subscribed and sworn to.)

The plaintiff has made no countershowing, and the motion is submitted upon the proofs made by the defendant Great Northern Railway Company.

It is settled by the decisions of the Supreme Court of the United States (1) that a corporation of one state may be legally served with summons or notice of suit in another state only when the corporation is doing business in that state; and (2) that such service to be valid must be made in that state upon an agent who represents the company in its business there. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Peterson v. Railroad Co., 205 U. S. 364, 27 Sup. Ct. 513–522, 51 L. Ed. 841; Green v. Railway Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916.

The provisions of the Code of Iowa (1897) relative to suits against

railway and other corporations in that state, and the service of the notice of such suits, are as follows:

"Sec. 3497. An action may be brought against any railway corporation, the owner of stages, or other line of coaches or cars, * * * and the lessees, companies, or persons operating the same, in any county, through which said road or line passes or is operated."

"Sec. 3500. When a corporation, company or individual has an office or agency in any county for the transaction of business, any actions growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located."

"Sec. 3529. If the action is against any corporation or person owning or operating any railway or canal * * * or against any foreign corporation, service may be made upon any general agent of such corporation, company or person wherever found, or upon any station, ticket or other agent or person transacting the business thereof or selling tickets therefor in the county where the action is brought, if there is no such agent in said county then service may be had upon any such agent or person transacting said business in any other county."

"Sec. 3532. When a corporation, company or individual has for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made upon any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that agency."

There is proof on behalf of the Great Northern Company, aside from the affidavit of Mr. Hills, that defendant does not and did not at the time of such service own or operate as lessee or otherwise any railway within the state of Iowa; that it had traffic relations only with the Wilmar & Sioux Falls Railway Company, a company operating a line of railroad in Woodbury county, this state, but that defendant was not operating said railroad. Whether or not this is correct, under the proofs submitted, need not now be determined, for it is clear that Mr. Hills when the notice of suit in the state court was served upon him was not such an agent of the Great Northern Company as that service upon him will bind that company either under the Iowa statute, or the rule of the national courts. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Wabash Western Ry. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431; Conley v. Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Green v. Railway Company, 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916; Peterson v. Railroad Co., 205 U. S. 364, 27 Sup. Ct. 513–522, 51 L. Ed. 841; Elgin Canning Co. v. Railway Co. (C. C.) 24 Fed. 866; Philip v. Covenant Mutual Benefit Ass'n, 62 Iowa, 633, 17 N. W. 903; Barnabee v. Holmes, 115 Iowa, 581, 88 N. W. 1098; State Insurance Co. v. Granger, 62 Iowa, 272, 17 N. W. 504. In the last-named case a question arose as to the validity of the service of a notice of suit against a foreign insurance company doing business in Iowa, which notice was served upon an agent of the company in that state, but who was not the agent nor an employé of the office or agency out of which the transaction involved in the suit arose. In holding such service to be void and unauthorized under the Iowa statute the court said:

"It will be observed that the service must be made on some one employed in such office or agency in all actions growing out of, or connected with, the business of that office or agency. As we understand, service could be made on Bishop (who was an agent of the insurance company), and the plaintiff bound thereby, in all actions growing out of or connected with his (that) office

or agency. Beyond this the statute does not go. * * * The statutory thought is that, if service on the principal is dispensed with, it should be made upon some one connected with the business out of which it grew. * * * In the case before us, for a time at least, both Shaffer and Bishop were acting as agents for the plaintiff. Both, therefore, had an office or agency. Now, suppose the notice had been served on Bishop while Shaffer was still acting, could it be said that Bishop was employed in the office or agency of Shaffer? Clearly not, we think. * * * Bishop had greater powers than Shaffer, because he could issue policies. Bishop had nothing to do with the application or policy of insurance on which the defendant's action was based. It was not connected with his office or agency Nor did the action grow out of anything done by him, or by any one connected with his office or agency As bearing on this question, see Upton Manf. Co v. Stuart Bros., 61 Iowa, 209, 16 N. W. 84. The plaintiff therefore, is not bound by the notice served on Bishop. Such a service has no more force and effect than if made on a stranger. It is not a defective service, but must be regarded as no service."

The other Iowa cases are to the same effect.

Under these decisions, as well as those of the Supreme Court of the United States, the service of the original notice upon Mr. Hills was not sufficient to confer jurisdiction upon the state court of the defendant Great Northern Railway Company. As that company has not appeared generally in the action, the motion to set aside the service must be sustained. Wabash Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431.

It is so ordered.