JAMES ROY GLENN, Appellant, v. D. H. MILLER, Appellee.

PROCESS: Substituted Service—Statute Must Be Complied With.
1   Where reliance is had upon substituted service to give the court jurisdiction over the defendant, it must appear that the statute permitting it has been substantially complied with.

PROCESS: Substituted Service—Presumption of Truth of Return.
2   Evidence reviewed, and *held* that the presumption in favor of

the truth of the sheriff's return as to substituted service had upon defendant's wife had not been successfully rebutted.

**EXECUTION:** Sale—Grossly Inadequate Bid—Duty of Sheriff to
3 **Postpone.** It is the duty of the sheriff, under Sec. 4029, Code, 1897, if there are no bidders at an execution sale, and the amount offered is grossly inadequate, to postpone the sale.

**EXECUTION:** Sale—Gross Inadequacy of Consideration—Presump-
4 tion of Undue Advantage. While mere inadequacy of considera- tion is not ordinarily sufficient to invalidate a judicial sale, otherwise fair and regular, yet the inadequacy may be so gross as, in the absence of explanation, to raise a presumption of undue advantage, and equity will intervene to correct the wrong.

*Appeal from Dallas District Court.*—LORIN N. HAYS, Judge.

## JULY 10, 1919.

SUIT in equity to set aside an execution sale of land, and for other relief. Bill dismissed, and plaintiff appeals.— *Reversed.*

*C. C. Putnam* and *Judson E. Piper,* for appellant.

*Parsons & Mills,* for appellee.

WEAVER, J.—On November 8, 1908, the plaintiff, then about 21 years old, being indebted to defendant for attor- ney's fees, made to the defendant a promissory note for $100, payable one year after date. On this note, under date of March 20, 1912, defendant obtained a judgment by default against plaintiff in the district court of Dallas County, for the principal sum of $102.15 and costs. The plaintiff was, at this time, the owner of an undivided one- tenth part or share of 513 acres of land in Dallas County, subject to a life estate of his father and mother, then about 65 years of age, and subject to a proportionate part of a charge of $1,600 on the entire property in favor of third parties, payable after the death of the life tenants.

Having obtained the judgment, defendant caused execution to be issued and levied upon plaintiff's entire interest in all the land. At the sheriff's sale, the judgment plaintiff (defendant herein) was the only bidder, and the present plaintiff's right, title, and interest in each and all of the several parts making up the farm were struck off to him for the aggregate amount of $142.82. The evidence shows that, at that time, the 513 acres of land were fairly worth $150 to $200 per acre, or an aggregate of from $76,950 to $102,600. The officer making the sale testifies to his familiarity with land values in that neighborhood, and says, "Land was selling around that community, I believe, from $175 to $200 per acre."

The defendant received from the sheriff the usual certificate of sale, and, at the end of a year, a sheriff's deed. This action was begun in 1917, to set aside the sale and deed, as well as the judgment on which the execution issued. The grounds alleged for such relief are that original notice of the action was never served upon plaintiff, as required by law, and because thereof the court did not acquire jurisdiction to render the judgment; that the levy of said execution was excessive and fraudulent; and that the sheriff, in making the levy, sale, and return, did not observe the directions and provisions of the statute necessary to a valid and effective sale.

The defendant admits the procurement of the judgment, the issue and levy of the execution, and sale of the land thereunder, but denies all other allegations of the petition.

The trial court found for the defendant, dismissed the bill, and plaintiff appeals.

I. Referring first to the attack upon the validity of the judgment, it appears that there was no personal service of the original notice, but the sheriff's return shows sub-

**1. PROCESS: substituted service: statute must be complied with.** stituted service on the plaintiff by reading the notice to his wife, and delivering a copy to her at his usual place of residence, he not being found in the county. Plaintiff denies that he knew of such service or of the entry of judgment against him, or that his land had been sold in satisfaction of the judgment, until shortly before this action was brought.

It is true that, where reliance is had upon substituted service to give the court jurisdiction over a defendant, it must appear that the statute permitting it has been substantially complied with; and there is in **2. PROCESS: substituted service: presumption of truth of return.** this record some support for plaintiff's contention that the alleged substituted service, if made at all, was made, not at the residence or home of the plaintiff, but in the street, in a neighboring town; and if this fact were to be found established, it would doubtless be sufficient to invalidate the service. There is, however, testimony to the contrary, and as plaintiff's wife has since deceased, the truth of the matter is left in some doubt, and we do not feel justified in holding that the presumption in favor of the truth of the officer's return has been successfully rebutted. The constructive character of the service is, nevertheless, a material fact for consideration, with respect to the other issue treated in the next paragraph.

II. Of the objections to the regularity of the sale by the sheriff, we find it unnecessary to consider more than appellant's complaint that the levy was grossly excessive, and that the sheriff abused his discretion in **3. EXECUTION: sale: grossly inadequate bid: duty of sheriff to postpone.** proceeding to sell the property without adjournment, or any effort to avoid the unnecessary sacrifice of the plaintiff's property. In this respect, we hold that the plaintiff is clearly entitled to relief, and that to rule otherwise

would be to convert the processes of the law and of the courts into weapons of gross injustice.

The evidence shows, without material dispute, that plaintiff's interest in this land was worth anywhere from $6,000 to $10,000. The land was made up of 40-acre tracts and lots of the government survey. The sheriff, as a witness, admits that he is acquainted with the value of such lands, and that he then knew that this land was worth $150 per acre. The defendant was the only bidder at the sale, and the sheriff, after going through the form of offering four 40-acre tracts in a quarter section, without receiving any bid, put up the entire quarter, and sold plaintiff's interest therein to defendant for $50. In a similar manner, he struck off to defendant plaintiff's interest in an 80-acre tract for $25, in a 40-acre tract for $10, in six government lots for $50, and in a 33-acre lot for $7.82.

If, instead of an undivided interest in 513 acres of valuable property, the debtor had been so unfortunate as to own a like interest in 5,000 acres, the same astute process of dividing and subdividing the bid could, with equal ease, have been made to cover his entire holding, and with equal reason, the same plea could now be made in its justification. Although it was the duty of the sheriff, if there were no bidders, or if the amount offered was grossly inadequate, to postpone the sale, he did not postpone it, but proceeded to sell the entire 14 different tracts to the defendant, as above noted, on bids so glaringly inadequate that the mere statement of them is their sufficient condemnation. See Code Section 4029; *Swortzell v. Martin,* 16 Iowa 519; *Fortin v. Sedgwick,* 133 Iowa 233, and cases there cited.

True, it is a general rule that mere inadequacy of consideration is not ordinarily sufficient to invalidate a judicial sale otherwise fair and regular, but it is also true that the

inadequacy may be so gross as, in the ab-
sence of explanation, to raise a presumption
of undue advantage, and equity will inter-
vene to correct the wrong. *Copper v. Iowa
T. & S. Bank,* 149 Iowa 336; *Drake v. Brick-
ner,* 180 Iowa 1166, 1172; *Cook v. Jenkins &
Co.,* 30 Iowa 452. Of cases calling for the practical applica-
tion of this rule, the books' contain very few more striking
examples than this. The sheriff is not the mere agent or
servant of the judgment creditor. He is the officer of the
law, and his duty to execute the writ and collect the judg-
ment is no more apparent or obligatory than is his duty to
protect the debtor against an unjust or oppressive levy and
sale. It is to that end that the statute gives him discre-
tion to postpone the sale, in the absence of bidders, or when
confronted by bidders who offer only bids grossly out of
proportion to the value of the property; and abuse of that
discretion will invalidate his sale.

Such being our view of the effect of the act of the
sheriff, it is unnecessary for us to consider whether, in the
absence of abuse of discretion by the officer, the inadequacy
of the bid alone affords sufficient ground for the relief asked
by the plaintiff. In *Jonas v. Weires,* 134 Iowa 47, we held,
under the circumstances there presented, that the objection
to the adequacy of the bid did not apply to the sale of an
undivided interest in a single tract. Under the peculiar cir-
cumstances there considered, the correctness of the decision
need not be questioned. How general may be the operation
of the rule there followed, and what its limitations, the dis-
position of this appeal does not require us to consider or
decide. It may be said, however, that the subject is treated,
to some extent, in the very recent case of *Drake v. Brickner,*
180 Iowa 1166, 1172. See, also, *Tiernan v. Wilson,* 6 Johns.
Ch. 410, 415. It is also to be noted that, in the case before
us, the execution creditor and the sheriff did not sell or

4. EXECUTION:
sale: gross
inadequacy of
consideration:
presumption
of undue
advantage.

offer to sell, nor did the creditor purchase, plaintiff's undivided interest in the property as a whole, but the sale was made in parcels, thus recognizing their separable and distinct character. We have said sufficient to indicate our view that the conclusion of the trial court cannot be sustained. The decree below will be reversed, and the sheriff's sale and deed set aside, with leave to plaintiff to pay the defendant's judgment against him, with interest and costs (not including the costs of the levy and sale hereby vacated), within 30 days from the filing of this opinion. If not so paid within the time named, a new execution will issue for its collection.—*Reversed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.