WALTER THORNBURG, Appellee, v. JAMES E. BENNETT & COMPANY, Appellant.

NOVEMBER 13, 1928.

*Moses, Kennedy, Stein & Bachrach* and *Pickett, Swisher & Farwell,* for appellant.

*Sullivan & Sullivan,* for appellee.

MORLING, J.—Plaintiff filed an unverified petition in the municipal court of Waterloo, alleging (as amended) that the defendant is a copartnership, which maintained, on March 13, 1925, and ever since has maintained, an office in Waterloo, for the purpose of transacting a commission and grain business; that, on March 13, 1925, plaintiff deposited with defendant at its Waterloo office $1,100, with which to purchase grain, and for which defendant fails to account. None of the individual part-

ners is named as a defendant. The bailiff's return of original notice, as set out in the abstract, reads:

"I received this notice on the 2nd day of March, 1927, and on the 2nd day of March, 1927, in East Waterloo Township, Black Hawk County, Iowa, I served the same on James E. Bennett & Company by reading the same to the agent and manager at Waterloo, Iowa, W. J. Corrigan, and by giving to him a copy."

Defendant moved to quash the service, on the ground that neither of its partners was at any time a resident or citizen of Iowa, but each was at all times a citizen and resident of Illinois; that, as applied to defendant and each of the partners, Sections 11072 and 11079, Code of 1924, and the service of original notice and return thereof, are void under the Fourteenth Amendment to the Constitution of the United States, and under Section 9, Article 1, of the state Constitution; that neither the defendant nor any of the partners at any time designated Corrigan as agent, for the purpose of service of process issuing from the municipal court of Waterloo. Filed with the motion, as a part of it, is the affidavit of one of the partners, stating that Corrigan had no authority at any time that may be here in question "to accept any service of notice of the institution of any suit in the municipal court of the city of Waterloo" against the firm or any of the partners; that Corrigan has never been a copartner in defendant firm; that neither the firm nor any of its partners at any time designated Corrigan as an agent of any of them for the purpose of accepting service of process issuing from the municipal court of Waterloo. Both the motion and affidavit are quite restricted in their allegations with respect to Corrigan's authority, but no point appears to have been raised against them on that account, either in the court below or here. The trial court ruled, in substance, that, it being assumed that Corrigan was an agent or clerk employed in defendant's office in Waterloo at the time of the service, the action is brought only against the copartnership, as such; that the copartnership is a legal entity, whose residence is not necessarily determined by that of the individual members; that a judgment against the partnership, as such, is not against or claimed against the individual members; that, on the authority of *Ralya Market Co. v. Armour & Co.*,

102 Fed. 530, "citizenship, within the meaning of the Federal Constitution, cannot be predicated of a partnership," and "it was not possible to show that the firm was a citizen of any state,"—which statement the court said was found in *McLaughlin Bros. v. Hallowell*, 228 U. S. 278, 289 (57 L. Ed. 835, 840); that, in the absence of any showing to the contrary, without passing on the question whether or not defendant might have more than one residence, the court must assume that the residence of the defendant partnership was in Waterloo.

The questions argued, relating to the validity of the statute and of the service as authorized thereby on nonresidents of the state; the right of a partnership to enjoy the privileges of the laws of the state in which it is engaged in business, to be within the state, for the purpose of doing business there, but to be not within it for the purpose of jurisdiction of the local state and Federal courts on causes of action arising out of such business on the same terms to which residents are subject to suit there (for the statute attacked is not discriminatory, as was the case of the statutes in the decisions relied upon by defendants, *Flexner v. Farson*, 268 Ill. 435 [109 N. E. 327]; affirmed 248 U. S. 289 [63 L. Ed. 250]; *Caldwell v. Armour*, 1 Penn. (Del.) 545 [43 Atl. 517]; *Moredock v. Kirby*, 118 Fed. 180; *Andrews Bros. v. McClanahan*, 220 Ky. 504 [295 S. W. 457]; *Cabanne v. Graf*, 87 Minn. 510 [92 N. W. 461]); the extent to which a citizen of one state subjects himself to laws of another by enjoying its hospitality and making use of the privileges of its laws; and what constitutes due process of law in such cases (see *Wuchter v. Pizzutti*, 276 U. S. 13 [72 L. Ed. 446]; *Hess v. Pawloski*, 274 U. S. 352, 355),—these questions are of such vast and far-reaching importance, and the law upon them is in such formative state of development, that the court should not undertake their determination unless they are necessarily involved, and the court then should have the benefit of exhaustive discussion.

The petition and amendment are not verified. Neither of them can serve the purpose of an affidavit. The bailiff's return merely states that he served the original notice on defendant "by reading the same to the agent and manager at Waterloo, Iowa, W. J. Corrigan, and by giving to him a copy." It is without contradiction that the defendant is only a partnership, and that all of its members are residents and citizens of Illinois, and not

of Black Hawk County, Iowa.

Section 11072, Code of 1924, has application only to a "corporation or person owning or operating any railway or canal, steamboat or other river craft, or any telegraph, telephone, stagecoach, or car line, or * * * any express company, or * * * any foreign corporation." Defendant is not within these designations, and the section has no application here.

Section 11079 reads:

"When a corporation, company, or individual *has*, for the transaction of any business, *an office or agency* in *any* county other than that in which the principal resides, service may be made on *any agent. or clerk employed in such office* or agency, in all actions *growing out* of or *connected with* the business of that office or agency."

Four things are, under this statute, essential to the validity of such service. 1. The defendant must have an office or agency in the county. 2. It must be a county other than that in which he resides. 3. The action must grow out of or be connected with the business of that office or agency. 4. The agent or clerk upon whom service is made must be employed in such office or agency. *Barnabee v. Holmes*, 115 Iowa 581. As the service was not upon the partners, or any of them personally, and is substituted service, all of the elements essential under the statute to the authorization of such service must be shown. *Hodges v. Hodges*, 6 Iowa (Clarke) 78; *Dolan v. Keppel*, 189 Iowa 1120; *Glenn v. Miller*, 186 Iowa 1187; 32 Cyc. 503; *Farris v. Powell*, 10 Iowa 553; *Reynolds v. Missouri, K. & T. R. Co.*, 224 Mass. 253 (112 N. E. 859); *Clark v. Little*, 41 Iowa 497; *Bradley Mfg. Co. v. Burrhus*, 135 Iowa 324; *Thompson v. Thompson*, 117 Iowa 65; *Dohms v. Mann*, 76 Iowa 723. If the allegations of the petition and amendment are accepted for the purpose of showing the existence of an office or agency of defendant in Black Hawk County for the transaction of business, and that the action grows out of or is connected with such office or agency, and if we accept the bailiff's return as showing that Corrigan was defendant's agent and manager at Waterloo, there is still a total absence of showing that Corrigan was employed in the office or agency out of which the action grew, or with which it was connected. It cannot be assumed here that the defendant has had but one office or agency

in Waterloo, or that the action grows out of or is connected with the agency in which Corrigan was employed. It cannot be assumed that Corrigan, at the time of the service, or previously, was an agent or clerk employed in that office or agency out of which the action grows or with which it is connected. See *State Ins. Co. v. Granger*, 62 Iowa 272. To constitute due process, the agent on whom service is made must be such at the time of the service; for if he is not, he is under no duty to communicate notice to his principal, and there is no presumption that he would communicate it. *State v. Bitter Root Valley Irr. Co.*, 185 Iowa 60, 71; *State Ins. Co. v. Granger*, 62 Iowa 272, 275; *Reliance Motor Co. v. Craig*, 206 Iowa 804; 14a Corpus Juris 1415; *Wuchter v. Pizzutti*, 276 U. S. 13 (72 L. Ed. 446),—though the contrary was said in *Bradshaw v. Des Moines Ins. Co.*, 154 Iowa 101, 109. The case cited there, however, *Ockerson v. Burnham & Co.*, 63 Iowa 570, was a case raising the question of venue, and not the validity of service of notice. In neither of these last two cases was the question of due process raised. The service here is attacked *in limine*. The burden is upon the plaintiff to sustain it.—*Reversed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.