SYLVESTER McCANN et al., Appellees, v. MARGARET McCANN et al., Appellees; H. W. BROWN, Appellant.

February 5, 1929.

*R. Brown*, for appellant.

*Higbee & McEniry*, for plaintiffs and referee, appellees.

*L. J. Camp*, for John Wenzel, appellee.

*Adam Pickett*, for Michael McCann and Sarah McCann, appellees.

Faville, J.—John McCann died on or about July 18, 1923, seized of the real estate involved in this action, consisting of a 160-acre tract and an 80-acre tract. In 1923, action for partition of said real estate was begun, the several heirs being parties thereto. Decree was entered in said action on August 25, 1926, ordering sale of the premises and appointing a referee. Sale was had in December, 1927. Prior thereto, but while the partition suit was pending, to wit, on January 29, 1924, one Hood recovered judgment against one of the defendants in the partition suit, Michael McCann, in the sum of $125.37 and costs. On August 26, 1924, Elizabeth Johnson recovered a judgment against said Michael McCann in the sum of $45. A third judgment was obtained by John Wenzel against Michael on November 24, 1924. An execution was issued on the judgment in favor of Hood, and levy made on an undivided one-tenth interest in the real estate, as the interest of the debtor Michael. His share was, in fact, an undivided one eighteenth. During the period of redemption, the attorney for Elizabeth Johnson procured an assignment of the sheriff's certificate from Hood to Elizabeth Johnson, by paying the amount of Hood's judgment, and this certificate was assigned to appellant. In June, 1927, a sheriff's deed was issued to appellant. Later, all the parties were before the court on a supplemental petition in the partition suit. Appellant signed a stipula-

tion with Wenzel that, if the sale under which he held sheriff's deed was not set aside, he would pay Wenzel $400.

The undisputed evidence shows that the sale by the sheriff was *en masse*, and for less than the value of Michael's interest in the property. The consideration for the sheriff's deed was $186.78. The share of Michael was found by the trial court to be worth over $1,337. The court found:

"That said sheriff's deed constitutes a cloud on the title of the plaintiff and defendants herein, and was sold for an inadequate consideration, and was assigned, without the knowledge, consent, or authority of said Elizabeth Johnson, to H. W. Brown, and that the said proceedings were irregular and void. That the said Michael McCann desires all claims paid out of his share of the proceeds of the sale, and that it is equitable that said claims be paid out of the share of said Michael McCann by the referee, as follows:

"First: That the claim of Oatas Hood, with interest and costs, be paid to defendant H. W. Brown.

"Second. The claim of John Wenzel, with interest and costs, be paid to his attorneys, Camp and Camp.

"Third. That the claim of Elizabeth Johnson, with interest and costs, be paid to her attorney, R. Brown."

Did the court err in holding that the sheriff's deed under which appellant claims should be set aside as void?

Section 11729, Code of 1927, is as follows:

"When there are no bidders, or when the amount offered is grossly inadequate, or when from any cause the sale is prevented from taking place on the day fixed, or the parties so agree, the officer may postpone the sale for not more than three days without being required to give any further notice thereof, which postponement shall be publicly announced at the time the sale was to have been made, but not more than two such adjournments shall be made, except by agreement of the parties in writing and made a part of the return upon the execution."

Code Section 11670 is as follows:

"The officer shall in all cases select such property, and in such quantities, as will be likely to bring the exact amount required to be raised, as nearly as practicable, and having made

one levy, may at any time thereafter make others, if he finds it necessary."

Under these sections, the sheriff is not the mere agent or servant of the judgment creditor. He has a duty in the matter to protect the debtor, as well as the creditor. The statute gives him a discretion to postpone the sale, in the absence of bidders, or when the amount offered is grossly inadequate. An abuse of this discretion will invalidate the sale. *Glenn v. Miller*, 186 Iowa 1187. In this case, the sale was *en masse*, and for a greatly inadequate consideration. A sale *en masse*, when the tracts could be sold separately to advantage, will be set aside, in a proper proceeding. *Drake v. Brickner*, 180 Iowa 1166; *Mullaney v. Cutting*, 175 Iowa 547; *Boyd v. Ellis*, 11 Iowa 97; *White v. Watts*, 18 Iowa 74; *Copper v. Iowa Tr. & Sav. Bank*, 149 Iowa 336.

We are satisfied with the conclusion of the trial court. It does equity, and is sustained by the record. The motion to dismiss the appeal, submitted with the case, is overruled.

The decree of the district court is—*Affirmed.*

ALBERT, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.