W. O. FRANCIS, Appellant, v. TODD & KRAFT COMPANY, a corporation, et al., Appellees.

No. 42565.

Guy A. Miller and H. H. Sawyer, for appellant.

Neiman & Leake and Lehmann, Hurlburt & Hossfeld, for appellees.

RICHARDS, J.—In May, 1932, in the Polk county district court, appellant brought against appellee Charles Hewitt & Sons Company and Home Indemnity Company an action at law known in this record as case No. 41165, to recover damages on account of alleged wrongful attachment of appellant's property in a previous action brought in the Des Moines municipal court against appellant by the Charles Hewitt & Sons Company, hereinafter referred to as the Hewitt Company. Case No. 41165 has not yet been tried. On September 22, 1932, a levy was made on this cause of action, case No. 41165, under an execution issued upon a judgment for $48.59 recovered by appellee Dye Produce Company against appellant. Later on the same day a levy was made on the same cause of action,

case No. 41165, under an execution issued upon a judgment for $71.63, recovered by appellee Todd & Kraft Company against appellant. On October 21, 1932, under the latter levy, the sheriff sold at public sale said cause of action, case No. 41165, to appellee Todd & Kraft Company for $101.02, and executed to the purchaser a bill of sale of the cause of action. An action in equity to set aside and cancel of record the sheriff's sale just mentioned was brought by appellant on February 4, 1933, against the appellees herein, and this is the case now before us on appeal, the district court having entered a decree against appellant, dismissing his petition, from which decree this appeal has been taken.

Appellant's first proposition is that the sale should have been set aside because the sheriff sold the property without a just appraisement provided for by section 11741 of the 1931 Code. The portion of this section that is material provides that personal property, before sale on execution, must be appraised by two disinterested householders of the neighborhood, one of whom shall be chosen by the execution debtor and the other by the plaintiff, or, in the absence of either party, or if either or both parties neglect or refuse to make choice, the officer making the levy shall choose one or both appraisers as the case may be, who shall forthwith return to the officer a just appraisement of the property, under oath. The appraisers' return was that the property was of no value. The specific thing complained of by appellant, to support his proposition that there was not a just appraisement before the sale, is that the appraisers selected by the sheriff were incompetent to make a just appraisement on account of a lack of experience and knowledge concerning values of property of the character of the property appraised. One appraiser was an attorney of somewhat limited experience, and one was the editor of a newspaper published in Des Moines described by witnesses as a "court paper", and we cannot find that the record sustains the claim that these appraisers were incompetent. Nor is it necessary to determine to what extent, if any, incompetence of the appraisers might justify a setting aside of a sheriff's sale.

For his second proposition appellant points out that the procedural matters, required by section 11664 of the Code to be indorsed on the execution, were in fact indorsed by the sheriff upon separate sheets of paper which he attached to the execution, and further appellant points out that some of these indorsements

show that they were not made at the time of the performance of the acts referred to in the indorsements as required by said statute. The consideration at this time of the merits of this proposition would be purely academic because of the enactment of chapter 169 of the Acts of the Forty-fifth General Assembly, a portion of which we quote:

"Section 1. That all execution sales heretofore had and the execution officer having failed to indorse on the execution the day and hour when received, the levy, sale or other act done by virtue thereof, with the date thereof, the dates and amounts of any receipts or payment in satisfaction thereof at the time of the receipt or act done, or has failed to indorse thereon, an exact description of the property at length with the date of levy, be and the same are hereby legalized and declared to be legal and valid as if all the provisions of the law as required by sections 11664 and 11668, code, 1931, had been in all respects strictly and fully complied with at the time of the receipt or delivery of the execution."

This legislative enactment became effective April 27, 1933, before the trial of this case in the district court, and contained no proviso that pending legislation be not affected. The sheriff's acts set out in appellant's proposition stood legalized at the time of the trial.

As his third proposition for reversal appellant claims that the price bid for the cause of action was grossly inadequate and that there are so many other irregularities in the sale, and such a sufficient amount of evidence of an unfair advantage taken by the judgment creditor, that equity should intervene and restore the title of the things sold to the appellant under such equitable terms and conditions as the court may impose.

The petition in case No. 41165 alleges that on November 6, 1931, appellee Charles Hewitt & Sons Company wrongfully, maliciously, and without grounds procured the attachment of appellant's grocery store. The damages alleged to have been sustained is the sum of $10,000, in addition to which $5,000 exemplary damages is claimed. In considering whether $101.02 was a grossly inadequate price for the sheriff to accept, there is the testimony of the attorney who says he had investigated and commenced the case and that in his opinion the value was from $1,500 to $4,000. There is no testimony on the part of appellees on the question of value

excepting the inferences from the record including the appraisal of the property as of no value. There is the undisputed evidence that on November 19, 1931, appellees, the Hewitt Company and Todd & Kraft Company, and others, filed a petition in the Federal court praying that appellant be adjudged a bankrupt, which was contested by appellant, and after a trial was dismissed on the merits by the court. There is the undisputed evidence that the Hewitt Company is financially responsible for any amount that might be recovered and that the same claim for damages now involved in case No. 41165 has once been tried in the municipal court, the jury failing to agree. The action was dismissed afterwards in the municipal court, without prejudice, and case No. 41165 commenced. There is the undisputed evidence that the store of appellant was a going concern at the time it was attached.

In cases of this character the equities are to be determined by the facts peculiar to each case, considered in the light of our prior holdings. We have often referred to what is now section 11729 of the 1931 Code as of important consideration in determining whether a sheriff's sale should be set aside. This section authorizes the sheriff to postpone the sale, when the amount offered is grossly inadequate. And we have held, in Drake v. Brickner, 180 Iowa 1166, 163 N. W. 597, that the discretion of the sheriff as to adjournment should be exercised with a fair and impartial regard as to the interests of all parties concerned, and where, on the day fixed, there are no bidders at all, or when the amount bid is grossly inadequate, he shall ordinarily postpone the same. In the same case we held that this discretion vested in the sheriff should be exercised with a fair and impartial attention to the interest of all parties concerned, and a failure to do so may be ground for setting aside the sale.- In McCann v. McCann, 207 Iowa 610, 223 N. W. 393, this court said that under the section mentioned and section 11670 of the Code, the sheriff is not the mere agent or servant of the judgment creditor, and that he has a duty in the matter to protect the debtor, as well as the creditor. On the other hand, this court in the case of Ebinger v. Wahrer, 213 Iowa 84, 238 N. W. 587, has held that a debtor cannot have a sale set aside where the inadequacy of the sale price was caused by his own acts. Several opinions of this court have held that inadequacy of price is not of itself a sufficient ground for setting aside a sheriff's sale. But the holdings

just mentioned are commented on in Drake v. Brickner, 180 Iowa 1166, 163 N. W. 597, in which case we said:

"It is true that this court has held that mere inadequacy of price does not necessarily render the sale voidable, but, as was said in Mullaney v. Cutting, supra [175 Iowa 547, 154 N. W. 893], this holding rests in part upon the fact that the sales under consideration were subject to redemption."

Viewing now the facts and circumstances of this case, in the light of our previous holdings, it is our opinion that the evidence does not warrant our finding that there was such gross inadequacy of consideration as to warrant setting aside the sale, and we find no irregularities in the conducting of the sale to be considered along with any alleged inadequacy of consideration. The matters appellant would have this court consider, in addition to and in support of the alleged inadequacy of consideration, pertain to the certain circumstances shown in the record. Appellant claims that the reasonable conclusion from the circumstances is that the real motive that brought about a sale of appellant's cause of action was an intent and motive on the part of the judgment creditor to unfairly and oppressively deprive appellant of his right to have his day in court upon his claim against the Hewitt Company, and appellant claims that the collection of the small judgment of Todd & Kraft Company was only incidental as a means to accomplish the real purpose mentioned. No useful purpose would be served in citing this chain of circumstances for the reason that appellee Todd & Kraft Company were pursuing a statutory method of collecting their judgment by levy and sale of the thing in action, by proceedings that were made regular by the legalizing act of the legislature.

If the sale of cause of action was likely to be oppressive and inequitable, appellant had a remedy, as pointed out in Brenton Bros. v. Dorr, 213 Iowa 725, 239 N. W. 808, where this court held that the district court has an inherent discretionary power to order a reasonable stay of execution, without bond being required, in order to prevent apparent injustice that would result from an execution sale.

We find no error in the decree of the district court, and the same is affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, POWERS, and PARSONS, JJ., concur.