ROSA GREEN et al., Appellees, v. H. P. HANNA, Appellant, et al., Defendants.

No. 45891.

MAY 12, 1942.

REHEARING DENIED SEPTEMBER 25, 1942.

Remley & Remley, of Anamosa, for appellant.

Frazier & Rees, of Anamosa, for appellees.

MITCHELL, J.—On September 6, 1941, Rosa Green and J. M. Green, her husband, filed a petition in equity in the district court of Jones county, Iowa, alleging that H. P. Hanna and wife executed and delivered to Susan Flaherty a promissory note in the sum of $3,400, secured by a real-estate mortgage. That the said Hanna sold the premises to C. H. Miner. That C. H. Miner sold the premises to John C. French and that John C. French sold the property to Rosa Green and J. M. Green, and as a part of the transaction agreed to assume and pay the note and mortgage. That on the 15th day of November 1929, Susan Flaherty commenced action in equity to foreclose the mortgage against F. P. Hanna, Rosa Green, and J. M. Green. That judgment was entered against Hanna, Rosa Green, and J. M. Green, and the premises were sold, leaving a deficiency judgment of $621.02. That on a supplemental decree in that case, H. P. Hanna was given judgment against Rosa Green for $621.02. That the judgment against Rosa Green was entered on or about the 13th day of February 1930.

That on or about the 17th day of March 1940, Christina Lesch, mother of Rosa Green, died testate, and in her said will it was provided that Rosa Green should have an undivided one-third interest in and to the personal property and real estate of which the decedent died seized or possessed. That part of the property of which Christina Lesch died seized was homestead property and it is alleged in the petition that this was not liable for the indebtedness of the said Rosa Green. Said petition further alleges that the said judgment of H. P. Hanna was a deficiency judgment and was barred by the statute of limitations. It then

alleges that there was an issuance of a writ of execution on the 11th day of August 1941, and that a levy upon the interest of Rosa Green in the real estate willed to her by her deceased mother had been made by the sheriff of Jones county. The Greens then pray that an order be entered directing the issuance of a temporary restraining order demanding and requiring the sheriff of Jones county to refrain from selling said land on the 20th day of September 1941, and that he be restrained from executing or attempting to execute a sheriff's certificate of sale or deed, and that H. P. Hanna be enjoined from procuring or attempting to procure a sheriff's certificate of sale for said premises. Plaintiffs further pray that the defendant be permanently enjoined from having any execution issue against the plaintiffs.

On the 6th day of September 1941, the district court entered an order as follows:

"Let writ of temporary injunction issue against both defendants, as prayed, upon filing an injunction bond of $100.00."

On the 16th day of September 1941, injunction bond was filed and approved by the clerk and temporary writ of injunction issued. On the 16th day of September 1941, there was filed an application to dissolve the injunction and to modify the bond. This application sets up among other things that under section 12528 of the Code it was necessary that the bond must be further conditioned to pay such judgment or comply with such final order. Amendment to the application was later filed setting out that the Greens were nonresidents of the state of Iowa.

On the 19th day of September 1941, the Honorable J. E. Heiserman, judge of the district court of Jones county, Iowa, overruled the application to dissolve the injunction, and H. P. Hanna, being dissatisfied, has appealed to this court.

The main contention of the appellant is that the court erred in not requiring that the penalty of the bond be such as provided by section 12529, and that the bond should have contained additional provisions for the payment of the judgment as provided by section 12528. While the prayer of the appellees' petition is rather broad, the temporary injunction which was issued in this case limited the same to the following. We quote:

"Now therefore, you, the said H. P. Hanna and Henry Eichhorn, Sheriff, defendants as aforesaid, in the name and by the authority of the State of Iowa, are hereby strictly enjoined and restrained from selling on September 20, 1941, at 10:00 A. M., the undivided one-third interest of Rosa Green in and to the following described premises: [describing the property] until the further order of our said court in the premises."

This court has held that the district court has inherent discretionary power, in order to prevent injustice, to order a reasonable stay of execution, even without bond, if it be made to appear that the judgment plaintiff will not be prejudiced by the order and if the applicant shows reason why the judgment should not be enforced against him.

In the case of Brenton Bros. v. Dorr, 213 Iowa 725, 729, 239 N. W. 808, 810, where the same identical question is raised as in the case at bar, to wit, that a bond as provided by sections 12527 to 12529 should be filed, this court said: We quote:

"It is next insisted that this stay order should not have been issued without requiring the applicant to put up a bond or give security.

"We are not operating in this case under the quoted provisions of the Code as to stay orders, but are considering a case where the stay order was issued under the inherent power of the court. It is not necessary in all cases for the judge granting the stay to require security. 23 C. J. 528, and cases there cited in notes 93 and 94. In event a bond is not required, the applying party, before he is entitled to a stay, should show that *the opposite party is not prejudiced by the issuance of such stay,* and we find that the record in this case does so show. The court did not abuse its discretion in refusing to require a bond on the issuance of the stay." (Italics supplied.)

And in the recent case of Francis v. Todd & Kraft Co., 219 Iowa 672, 677, 259 N. W. 249, 252, this court, speaking through Justice Richards, said:

"If the sale of cause of action was likely to be oppressive and inequitable, appellant had a remedy, as pointed out in Brenton Bros. v. Dorr, 213 Iowa 725, 239 N. W. 808, where

this court held that the district court has an inherent discretionary power to order a reasonable stay of execution, without bond being required, in order to prevent apparent injustice that would result from an execution sale.''

Was the appellant prejudiced by the issuance of the stay in this case? The principal issue in this case has, of course, never been submitted to or passed upon by the district court. That issue, as shown by the pleadings, is whether or not the judgment upon which the levy was made is in fact a deficiency judgment entered in a foreclosure proceedings and whether or not said judgment is barred by the operation of section 11033:1 of the Code. No prejudice, it seems to us, could possibly result to the appellant through the filing of the $100 bond at the time of the issuance of the writ of injunction. The property has been levied upon by the sheriff and is now under levy on the execution in his hands. It is real estate and cannot be dissipated nor be wasted during the pendency of the proceedings. The amount of $100 is more than sufficient to indemnify the appellant against liability which might be incurred in the instant proceedings. Slight, if any, damage could result to the appellant by any delay caused by the trial of the issue in the case at bar. The injunction is a temporary one and the appellant can try the action on its merits in the district court. Mrs. Green is entitled to present the questions which have arisen with regard to the right of the appellant to realize against her property on the judgment. She is entitled to have determined the matter as to whether or not the judgment is barred by the statute. She is entitled to her day in court in order that her rights and property may be by the court protected. The only purpose of injunction bonds is to indemnify the person enjoined or restrained from damage through the use of the writ. In the case at bar, the bond filed is sufficient to reimburse the appellant against any damage he might suffer.

We can come to no other conclusion than that the lower court was right. A motion to strike appellees' brief and argument, filed by the appellant and submitted with the case, is overruled.—Affirmed.

All JUSTICES concur.